**EXHIBIT 1**

STEPHEN R. BASSER (121590)
SAMUEL M. WARD (216562)
**BARRACK, RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
*sbasser@barrack.com*
*sward@barrack.com*

JEFFREY A. BARRACK
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
*jbarrack@barrack.com*

*Attorneys for Lead Plaintiffs the Public*
*Employees' Retirement System of Mississippi, the*
*Public Employees Retirement Association of New*
*Mexico and the Government Employees'*
*Retirement System of the Virgin Islands*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE WAGEWORKS, INC. SECURITIES LITIGATION | CASE NO. 4:18-CV-01523-JSW |
| This Document Relates to:<br><br>ALL ACTIONS. | **STIPULATION AND AGREEMENT OF SETTLEMENT** |

Subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Stipulation and Agreement of Settlement (the "Settlement Agreement") is between (a) The Public Employees' Retirement System of Mississippi ("MPERS"), The Public Employees Retirement Association of New Mexico ("PERA"), and The Government Employees' Retirement System of the Virgin Islands ("VIGERS") (collectively "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, as defined herein, and (b) defendants WageWorks, Inc. ("WageWorks" or the "Company"), Joseph L. Jackson and Colm M. Callan (collectively the "Executive Defendants"), Robert L. Metzger, Mariann Byerwalter, Thomas A. Bevilacqua, Bruce G. Bodaken, Jerome D. Gramaglia and John W. Larson (the "Outside Director Defendants" and, collectively with the Executive Defendants, the "Individual Defendants" and, together with WageWorks, collectively the "Defendants"), by and through their undersigned counsel of record.

Lead Plaintiffs and Defendants (collectively the "Settling Parties") intend for this Settlement Agreement to fully, finally and forever resolve, discharge and settle all of the released claims included and defined herein, and to dismiss this Action with prejudice, subject to the terms and conditions set forth below, and without any admission or concession as to the merits of any claim asserted by Lead Plaintiffs or defense asserted by Defendants (the "Settlement").

**WHEREAS,**

A.     On March 9, 2018, a putative securities class action complaint was filed in the United States District Court for the Northern District of California (the "Court") by VIGERS against WageWorks, Inc., Joseph L. Jackson and Colm M. Callan, on behalf of all those who purchased or otherwise acquired WageWorks publicly traded common stock during the period from May 6, 2016 through March 1, 2018, inclusive:

B.     On August 7, 2018, the Court appointed the Lead Plaintiffs, pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, ("PSLRA"), and approved their selection of Barrack, Rodos & Bacine as Lead Counsel ("Lead Counsel").

C.     On May 16, 2019, Lead Plaintiffs MPERS and VIGERS filed a Consolidated Class Action Complaint (the "Complaint") against WageWorks and the Executive Defendants for alleged violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Rule 10b-5 promulgated thereunder, on behalf of all persons and entities who purchased WageWorks publicly traded common stock on the open market during the period May 6, 2016 through March 1, 2018, inclusive, (the "Class Period") and were damaged thereby.    The Complaint also included causes of action asserted by PERA against the Company and the Individual Defendants for alleged violations of §§ 11 and 15 of the Securities Act of 1933 ("1933 Act") and against certain underwriters for alleged violations of § 12(a)(2) of the 1933 Act, on behalf of all persons and entities who purchased WageWorks common stock issued in or traceable to the Company's June 2017 offering of WageWorks common stock ("June 2017 Offering") and were damaged thereby.

D.     On July 26, 2019, Defendants WageWorks and Jackson each filed a motion to dismiss the Complaint.   Defendant Callan and the Outside Director Defendants joined in WageWorks' and Jackson's motions (collectively the "Motions to Dismiss").   On September 10, 2019, all named underwriter defendants were voluntarily dismissed without prejudice by Lead Plaintiffs from the Complaint.   On September 30, 2019, Lead Plaintiffs filed their opposition to the Motions to Dismiss and Defendants filed their replies on November 8, 2019.

E.     On June 1, 2020, the Court issued an order denying the Motions to Dismiss.

F.     On July 31, 2020, every Defendant filed an Answer to the Complaint.

G.     Lead Plaintiffs, through Lead Counsel, conducted a thorough investigation relating to the claims and underlying events in the Action.  This process included reviewing and analyzing: (i) WageWorks' filings with the Securities and Exchange Commission (the "SEC"); (ii) numerous reports disseminated by securities analysts following the Company; (iii) the Defendants' public statements; (iv) media reports about WageWorks; (v) documents produced by the United States Office Personnel Management pursuant to a request under the Freedom of Information Act; (vi) documents produced in discovery by the Defendants, and (vii) documents produced in discovery by third party KPMG. In addition, numerous confidential witnesses were located and interviewed.

2

Experienced experts in differing disciplines, and possessing different areas of expertise, were consulted, including experts in forensic accounting and economists possessing significant experience analyzing and evaluating complex issues related to loss causation, truth on the market, materiality and damages. The process was further informed by briefing on Defendants' Motions to Dismiss, and extensive analysis of relevant jurisprudence.

H.     In the interim, on October 29, 2019, counsel for Lead Plaintiffs and the various counsel for the Company and respective Individual Defendants, along with representatives of their insurance carriers, among others, participated in an initial arms-length mediation in Los Angeles, California, facilitated by a private mediator affiliated with JAMS, who was engaged by the Settling Parties. In connection with the mediation process, the Settling Parties submitted detailed, confidential, pre-mediation statements. The statements summarized the Settling Parties' respective settlement positions. This initial mediation session was not successful in resolving the Action.

I.     After the Court's June 1, 2020 denial of the Motions to Dismiss, discovery was initiated by the Settling Parties. Lead Plaintiffs served document requests upon Defendants on July 2, 2020, and upon the Company's former independent auditor, KPMG, on July 15, 2020. On August 7, 2020, Defendants served all the Lead Plaintiffs with written document requests, to which Lead Plaintiffs responded on September 8, 2020 and commenced production of documents thereafter. Pursuant to Lead Plaintiffs' document requests, the Defendants produced more than 498,000 pages of documents. KPMG separately produced more than 82,000 pages of documents. These productions were made pursuant to a negotiated Protective Order, which was approved on June 10, 2020, and later amended on November 18, 2020.

J.     After Lead Counsel reviewed a multitude of documents produced by the Defendants, the Office of Personnel Management, and KPMG, and while discovery was continuing, the Settling Parties participated in an arms-length mediation session on February 10, 2021, with the assistance of the Honorable Layn R. Phillips, (Ret.) ("Judge Phillips"). This second mediation session lasted over 10 hours on that day.

K.     In the late evening on February 10, 2021, after extensive negotiations and communications with the assistance of Judge Phillips, Lead Plaintiffs and Defendants reached an agreement in principle to settle this Action, which was memorialized in a "Confidential Term Sheet" executed by their respective counsel on February 11, 2021.

L.     Lead Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports the allegations of the Complaint.  However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial and appeal. Lead Plaintiffs and Lead Counsel have also taken into account the uncertain outcome and risk of any litigation, especially in complex litigation such as this Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel are also mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Action with respect to issues of liability and damages. Lead Plaintiffs believe that the Settlement, as set forth below, confers substantial benefits upon the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement, as defined below, is fair, reasonable and adequate, and in the best interests of the Lead Plaintiffs and the Settlement Class.

M.     The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Action.  The Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged in the Complaint, or that could have been alleged in the Action.  Defendants believe that they have meritorious defenses to all claims asserted or that could have been asserted based on the allegations of the Complaint.  Moreover, Defendants believe the evidence developed to date supports their positions and defenses.  The Defendants have also denied and continue to deny, *inter alia,* the allegations that the Lead Plaintiffs or the Settlement Class have suffered damage as a consequence of any alleged misconduct or false statement by any Defendant, that they made any materially false statements or material omissions when communicating with the market, that they acted with the requisite scienter, that the price of WageWorks common stock was artificially inflated by reasons of alleged misrepresentations,

non-disclosures or otherwise, and that the Lead Plaintiffs or members of the Settlement Class were harmed by the conduct alleged in the Complaint.  The Defendants have further contended that a summary judgment order issued on December 18, 2020 by the United States Civilian Board of Contract Appeals in the matter of *WageWorks, Inc., Appellant v. Office of Personnel Management Respondent*, CBCA 6027, supports their defenses to this Action, including any defense of "good faith," and undermines a demonstration of *scienter* with respect to the claims arising under the Securities Exchange Act of 1934.  Nonetheless, the Defendants have concluded that further litigation would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth below.  The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Action.

**NOW, THEREFORE**, and without any admission or concession by Lead Plaintiffs that the Action lacks merit, and without any admission or concession by the Defendants of any liability or wrongdoing, or lack of merit in their defenses, **IT IS HEREBY STIPULATED AND AGREED** by and among the Lead Plaintiffs (for themselves and every member of the Settlement Class as defined herein) and the Defendants, by and through their respective counsel or attorneys of record, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Settling Parties hereto, all Released Claims and all Released Defendants' Claims as against Released Parties shall be fully, finally and forever compromised, settled, released and discharged, and the Action shall be dismissed, with prejudice, as to all Settling Parties and without an assessment of costs against any party or counsel, upon and subject to the following terms and conditions:

### 1.    DEFINITIONS

1.1.    As used in the Stipulation the following terms have the meanings specified below: "Action" means the above-captioned action titled *In re WageWorks, Inc. Securities Litigation*, Case No. 4:18-CV-01523-JSW (N.D. Cal.).

1.2.    "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Settlement Agreement and where none of the Settling Parties hereto elects to terminate this Settlement by reason of such variance.

1.3.    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Settlement Agreement.

1.4.    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.5.    "Claims Administrator" means the Heffler Claims Group.

1.6(a)  "1933 Act Class" means all persons and entities who purchased or otherwise acquired WageWorks Common Stock issued pursuant or traceable to the Registration Statement and prospectus for WageWorks' public offering of common stock on June 19, 2017 (the "Offering" or "June 2017 Offering"), and who were damaged thereby (the "1933 Act Class", and, together with the 1934 Act Class, the "Settlement Class" or "Class"). Excluded from the 1933 Act Class are Defendants; the officers and directors of WageWorks; WageWorks' successor in interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest. In addition, any person or entity who or which submits a request for exclusion from the 1933 Act Class that is accepted by the Court shall also be excluded from the 1934 Act Class.

1.6(b)  "1934 Act Class" means all persons and entities who purchased or otherwise acquired WageWorks' publicly traded common stock on the open market between May 6, 2016 and March 1, 2018, inclusive, and were damaged thereby (the "1934 Act Class" and, together with the 1933 Act Class, the "Settlement Class" or "Class"). Excluded from the Class are Defendants; the officers and directors of WageWorks, WageWorks' successor in-interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors, and assigns, and any entity in which Defendants have or had a controlling interest. In addition, any person or entity who or which submits a request for exclusion from the 1934 Act Class that is accepted by the Court shall also be excluded from the 1933 Act Class.

1.7.    "Class Member," "Member of the Class" or "Settlement Class Member" means a person or entity who falls within the definition of either or both the 1933 Act Class or the 1934 Act Class, as set forth in ¶ 1.6(a) and/or ¶ 1.6(b) of the Settlement Agreement, and who is not excluded by the definition and who does not request exclusion.

1.8.    "Class Period" means the period from May 6, 2016 to and through March 1, 2018, inclusive.

1.9.    "Company" means WageWorks, Inc.

1.10.    "Defendants" means WageWorks and the Individual Defendants.

1.11.    "Outside Director Defendants" means Robert L. Metzger, Mariann Byerwalter, Thomas A. Bevilaqua, Bruce G. Bodaken, Jerome D. Gramaglia and John W. Larson.

1.12.    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of the Settlement Agreement have been met and have occurred.

1.13.    "Escrow Account" means the separate escrow account at Wells Fargo & Company into which the Settlement Fund defined in ¶ 1.37 below shall be deposited under ¶ 3.1 of this Settlement Agreement for the benefit of the Settlement Class.

1.14.    "Escrow Agent" means Wells Fargo & Company.

1.15.    "Executive Defendants" means Joseph L. Jackson and Colm M. Callan.

1.16.    "Fee and Expense Application" means the request for such amounts as the Court may award to Lead Counsel to compensate them for their fees and pay them for their expenses in connection with the Action, which may include some or all of the following:  (i) an award of attorneys' fees; (ii) payment of expenses incurred in connection with prosecuting the Action, including, without limitation, expenses attributable to experts and/or consultants retained by Lead counsel; (iii) any award to Lead Plaintiffs for reasonable costs and expenses (including lost wages) pursuant to the PSLRA; and (iv) interest on such attorneys' fees and expenses at the same rate as earned by the Settlement Fund, from the date the Court orders such award until the date paid from the Settlement Fund.

1.17.    "Final" means when the last of the following with respect to the Judgment approving the Settlement Agreement, substantially in the form of Exhibit B hereto, shall occur:

(i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Settlement Agreement shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal by the last reviewing court, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and , if certiorari or other form or review is granted, the date of final affirmance following review pursuant to that grant, in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Settlement Agreement.  For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

1.18.  "Individual Defendants" means Joseph L. Jackson, Colm M. Callan, Robert Metzger, Mariann Byerwalter, Thomas A. Bevilaqua, Bruce Bodaken, Jerome D. Gramaglia and John W. Larson.

1.19.  "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.20.  "Lead Counsel" means Barrack, Rodos & Bacine, 600 West Broadway, Suite 900, San Diego, CA 92101 and 3300 Two Commerce Square, 2001 Market Street, Pennsylvania, PA 19103.

1.21.  "Lead Plaintiffs" means the Public Employees' Retirement System of Mississippi, the Public Employees Retirement Association of New Mexico, and the Government Employees' Retirement System of the Virgin Islands.

1.22.   "Net Settlement Fund" means the Settlement Fund less (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes and (iv) any other Court-approved fees or expenses, including any award to Lead Plaintiffs for reasonable costs and expenses (including lost wages) pursuant to the PSLRA.

1.23.   "Notice" means the Notice of Pendency and Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses, substantially in the form annexed hereto as Exhibit A-2, which is to be issued to Settlement Class Members pursuant to Court order.

1.24.   "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including, but not limited to: (i)  providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the  Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund; provided, however, that Notice and Administration Expenses shall not include any of the Fee and Expense Award.

1.25.   "Person" or "Persons" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, their spouses, heirs, predecessors, successors, representatives, or assignees.

1.26.   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund among Authorized Claimants after payment of expenses of notice and administration of the settlement, taxes and tax expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of Allocation is not part of the Settlement Agreement and Defendants and the Released Parties shall have no responsibility therefore or liability with respect thereto.

1.27.   Postcard Notice means the notice of proposed settlement, substantially in the form annexed hereto as Exhibit A-1, which is to be mailed to Settlement Class Members who can be identified with reasonable effort as set forth in the Preliminary Approval Order.

1.28.   "Preliminary Approval Order" means the proposed Court order preliminarily approving the Settlement and providing for notice, substantially in the form annexed hereto as Exhibit A.

1.29.   "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to Court approval, shall be substantially in the form annexed hereto as Exhibit A-3.

1.30.   "Qualified Settlement Fund" means a fund within the meaning of Treasury Regulations § 1.468B-1.

1.31.   "Released Claims" shall collectively mean any and all claims (including, but not limited to, any claims for damages, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), rights, causes of action, duties, controversies, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damage, losses, judgments, liabilities, allegations and arguments of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, local, foreign or statutory or common law or administrative law, or any other law, rule or regulation at law or in equity, whether direct, representative, class or individual in nature, whether fixed or contingent, whether accrued or un-accrued, whether liquidated or un-liquidated, whether matured or un-matured, including both known claims and Unknown Claims, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in this Action or (ii) could have asserted in the Action or any other action or in any forum, that arise out of, relate to, or are in any way connected with or to the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations or omissions or failures to act, involved, set forth or referred to in the complaints filed in this Action and that relate to the purchase or acquisition of WageWorks's publicly traded common stock on the open market during the Class Period.  For the avoidance of doubt, "Released Claims" does not include (i) claims to enforce the Settlement; (ii) any claims of any Person who or which submits a valid request for exclusion from the Class that is accepted by the Court.

1.32.   "Released Defendants' Claims" shall collectively mean any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants ("Released Defendants' Claims"). Released Defendants' Claims shall not include any claims relating to the enforcement of the settlement.

1.33.   "Released Defendant Parties" means (i) each Defendant, (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any individual Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her family, and (iii) for any of the persons or entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

1.34.   "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties, collectively.

1.35.   "Released Plaintiff Parties" means (i) Plaintiffs, and the members of the Settlement Class, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives,

1   insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns,

2   heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

3         1.36.   "Settlement Class" means the 1933 Act Class and the 1934 Act Class, as defined

4   above.

5         1.37.   "Settlement Fund" means the principal amount of Thirty Million Dollars

6   ($30,000,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶ 3.1 of this

7   Stipulation, plus any accrued interest.

8         1.38.   "Settling Parties" means, collectively, each of the Defendants, and the Lead

9   Plaintiffs on behalf of themselves and Class Members.

10         1.39.   "Summary Notice" means the notice, substantially in the form annexed hereto as

11   Exhibit A-4, which is to be published pursuant to Court order.

12         1.40.   "WageWorks" means WageWorks, Inc.

13         1.41.   "Unknown Claims" means any and all Released Claims as defined in ¶ 1.31 above,

14   which any Lead Plaintiff, any other Settlement Class Member or any other Released Plaintiff

15   Party does not know or suspect to exist in his, her or its favor at the time of the release of the

16   Released Defendant Parties, and any Released Defendants' Claims that any Defendant or any

17   other Released Defendant Party does not know or suspect to exist in his, her or its favor at the

18   time of the release of the Released Plaintiff Parties, which if known by him, her, or it, might have

19   affected his, her, or its decision(s) with respect to the Settlement, including his, her, or its decision

20   to object or not object to the Settlement.  With respect to any and all Released Claims and

21   Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective

22   Date, Lead Plaintiffs and the Defendants shall expressly, and each other Settlement Class

23   Member, Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by

24   operation of the Judgment or Alternative Judgment shall have, expressly waived and relinquished

25   any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, or any law of any

26   state or territory of the United States, or principle of common law, which is similar, comparable,

27   or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the**

*In re WageWorks, Inc., Sec. Litig.* Stipulation of Settlement

**creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, the other Settlement Class Members, the Released Plaintiff Parties, the Defendants and the other Released Defendant Parties, acknowledge that they may hereafter discover facts in addition to or different from those which any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and the Defendants shall expressly, fully, finally and forever settle and release, and each other Settlement Class Member, Released Plaintiff Parties and Released Defendant Parties shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts, without regard to whether those facts were concealed or hidden.  Lead Plaintiffs and the Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

## 2.     SCOPE AND EFFECT OF SETTLEMENT

2.1.    The obligations incurred pursuant to this Settlement Agreement are, subject to approval by the Court and such approval becoming Final, a full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

2.2.    For purposes of this Settlement only, Lead Plaintiffs and the Defendants agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶ 1.6; (ii) the appointment of Lead Plaintiffs as Class

1   Representatives for the Settlement Class; and (iii) the appointment of Lead Counsel Barrack,
2   Rodos & Bacine as Class Counsel for the Settlement Class.

3       2.3.    By operation of the Judgment or Alternative Judgment, as of the Effective Date,
4   Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and
5   each of their respective heirs, agents, representatives, attorneys, subsidiaries, affiliates, executors,
6   trustees, administrators, predecessors, successors, assigns, any trust of which any Lead Plaintiff
7   or Settlement Class Member is the settlor or is for the benefit of a member of their immediate
8   family, and any entity acting on behalf of a Lead Plaintiff or Settlement Class Member, in their
9   capacity as a Lead Plaintiff or Settlement Class Member, shall: (i) be deemed to have fully, finally
10  and forever waived, released, discharged and dismissed each and every one of the Released
11  Claims, as against each and every one of the Released Defendant Parties; (ii) be barred and
12  enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims
13  against any of the Released Defendant Parties; and (iii) be deemed to have covenanted not to sue
14  any Released Defendant Party on the basis of any Released Claims or, unless compelled by
15  operation of law, to assist any person in commencing or maintaining any suit relating to any
16  Released Claim against any Released Defendant Party.  The foregoing release is given regardless
17  of whether such Lead Plaintiffs or Settlement Class Members have: (i) executed and delivered a
18  Proof of Claim; (ii) received the Notice; (iii) participated in the Settlement Fund; (iv) filed an
19  objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Counsel
20  for attorneys' fees and expenses; or (v) had their claims approved or allowed.  Nothing contained
21  herein shall, however, bar any action or claim to enforce the terms of this Settlement Agreement
22  or the Judgment or Alternative Judgment.

23      2.4.    By operation of the Judgment or Alternative Judgment, as of the Effective Date,
24  the Defendants, on behalf of themselves and each of their respective heirs, agents, representatives,
25  attorneys, affiliates, executors, trustees, administrators, predecessors, successors and assigns
26  shall: (i) be deemed to have fully, finally and forever waived, released, discharged and dismissed
27  each and every one of the Released Defendants' Claims, as against each and every one of the
    Released Plaintiff Parties; (ii) be barred and enjoined from commencing, instituting, prosecuting

14

1  or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff

2  Parties; and (iii) be deemed to have covenanted not to sue any Released Plaintiff Party on the

3  basis of any Released Defendants' Claim or, unless compelled by operation of law, to assist any

4  person in commencing or maintaining any suit relating to any Released Defendants' Claim against

5  any Released Plaintiff Party.  Nothing contained herein shall, however, bar any action or claim to

6  enforce the terms of this Settlement Agreement or the Judgment or Alternative Judgment.

7      2.5.    The Judgment or Alternative Judgment shall contain a bar order ("Bar Order") that

8  shall, upon the Effective Date, permanently bar, extinguish, and discharge to the fullest extent

9  permitted by law any and all claims for contribution or indemnity (or any other claim, however

10  denominated on whatsoever theory, for which the injury claimed is that Person's alleged liability

11  to Plaintiffs or any Settlement Class Member) among and against the Released Defendants'

12  Parties arising out of the Action and the claims that were asserted or could have been asserted

13  therein, provided however, that nothing in the Bar Order shall release or alter the rights

14  Defendants may have under their applicable insurance policies or any right of indemnification or

15  contribution that the Individual Defendants may have under contract or otherwise. The Bar Order

16  shall be consistent with, and apply to the full extent of, the PSLRA.

17

18  **3.**    **THE SETTLEMENT**

19      **a.**    **The Settlement Fund**

20      3.1.    Defendants shall cause the principal amount of Thirty Million Dollars

21  ($30,000,000), (the "Settlement Amount") to be paid to the Escrow Account within thirty (30)

22  days of the latest of: (1) the Court's entry of the Preliminary Approval Order; or (2) Lead Counsel

23  providing to WageWorks's counsel wire transfer instructions, a form W-9, and any other

24  appropriate payee information.  If the agreed upon sum is not timely transferred to the Escrow

25  Agent as set forth herein, Lead Plaintiffs have the option to terminate the Settlement or to move

26  for the enforcement of the terms of the Settlement.  Within five (5) business days of the execution

27  of the Settlement Agreement, Lead Counsel shall provide to WageWorks's counsel wire transfer

instructions for the transfer of the Settlement Amount to the Escrow Agent, a form W-9, and other

appropriate payee information.  The Settlement Fund will be governed by an escrow agreement that is mutually acceptable to Lead Plaintiffs and Defendants.

### b.     The Escrow Agent

3.2.     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶ 3.1 hereof in short-term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof (or a mutual fund invested solely in such instruments) and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Settlement Fund shall bear all risks related to investment of the Settlement Fund.

3.3.     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for both the Lead Plaintiffs and the Defendants if consistent with an order of the Court.

3.4.     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class Members as are consistent with the terms of the Stipulation.

3.5.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6.     Lead Counsel shall establish a "Class Notice and Administration Fund" from which up to $500,000.00 may be used prior to the entry of Judgment.  The Class Notice and Administration Fund may be used by Lead Counsel to pay, without further approval from Defendants or the Court, the costs and expenses reasonably and actually incurred or payable in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms.

3.7.     In no event shall Lead Plaintiffs, Defendants or the Released Defendant Parties have any responsibility for or liability with respect to the Escrow Agent or its actions.

**c.    Taxes**

3.8.    (a)    The Settling Parties and their counsel agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  The Settling Parties and their counsel agree that the Settlement Fund should be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Settling Parties hereby agree to the "relation-back election" (as defined in Treas. Reg. § 1.468B-l) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.

(b)    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator.  The Escrow Agent shall timely and properly file all tax returns necessary with respect to the Settlement Fund.  Such returns (as well as the election described in ¶ 3.8(a) hereof) shall be consistent with this ¶ 3.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 3.8(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶ 3.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 3.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Defendants or the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Defendants and the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated

17

as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Defendants nor the Released Parties are responsible therefore nor shall they have any liability with respect thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 3.8.

### d.    Termination of Settlement

3.9.    In the event that the Settlement Agreement is terminated, the Settlement Fund (including accrued interest) less expenses actually incurred and properly due and owing in connection with the settlement provided for herein and less any Taxes or Tax Expenses incurred or accrued, shall be refunded, as provided in ¶ 7.3 below.

## 4.    PRELIMINARY   APPROVAL   ORDER,   NOTICE   AND SETTLEMENT HEARING

4.1.    Promptly after execution of the Settlement Agreement, the Settling Parties shall submit the Settlement Agreement, together with its Exhibits, to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Settlement Agreement, the certification of the Class for settlement purposes, and approval for mailing the Postcard Notice, substantially in the form of Exhibit A-1 hereto, providing access to the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), substantially in the form of Exhibit A-2 hereto and publication of a summary notice substantially in the form of Exhibit A-4 hereto.  The Notice shall include the general terms of the Settlement set forth in the Settlement Agreement, the proposed Plan of Allocation, the general terms of the Fee and Expense Application and the date of the Settlement Hearing.

*In re WageWorks, Inc., Sec. Litig*. Stipulation of Settlement

4.2.    Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

## 5.    ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS AND SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUND

5.1.    The Claims Administrator shall administer and calculate the claims submitted by Class Members in accordance with the Plan of Allocation.

5.2.    The Settlement Fund shall be applied as follows:

(a)    to pay Lead Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(c)    to pay the Taxes and Tax Expenses described in ¶ 3.8 hereof; and

(d)    to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3.    Upon the Effective Date and thereafter, and in accordance with the terms of the Settlement Agreement, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)    Within thirty (30) days after the Settlement Hearing or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-3 hereto, signed under penalty of perjury and supported by such documents as are

specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

(b)     All Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

(c)     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund on or after six (6) months from the date of the initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their initial distribution and who would receive at least $10.00 from such re-distribution(s).  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate 501(c)(3) non-profit organization agreed upon by Lead Plaintiffs, after consultation with Lead Counsel, and approved by the Court.

5.4.    This is not a claims-made settlement and, if all conditions of the Settlement Agreement are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurers.  Except for their obligation to pay or cause payment of the Settlement Fund as provided in ¶ 3.1, and to cause WageWorks's transfer agent to provide WageWorks's shareholder transfer records, as provided herein, the Defendants and the Released Parties shall have no responsibility for, interest in, or liability for the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.5     No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or other entity designated by Lead Counsel, arising from distributions made

1    substantially in accordance with the Settlement Agreement and the Settlement contained herein,

2    the Plan of Allocation, or further order(s) of the Court.

3        5.6    It is understood and agreed by the Settling Parties that any proposed Plan of

4    Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

5    Authorized Claimant's claim set forth therein, is not a part of the Settlement Agreement and is to

6    be considered by the Court separately from the Court's consideration of the fairness,

7    reasonableness and adequacy of the Settlement set forth in the Settlement Agreement, and any

8    order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the

9    Settlement Agreement or affect the finality of the Court's Judgment approving the Settlement

10   Agreement and the settlement set forth therein, or any other orders entered pursuant to the

11   Settlement Agreement.

12

13       **6.    Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

14       6.1    Lead Counsel may submit a Fee and Expense Application to the Court for

15   distributions from the Settlement Fund for an award of attorneys' fees; plus reimbursement of

16   expenses, including the fees of any experts or consultants, incurred in connection with prosecuting

17   the Action; plus Lead Plaintiffs' expenses, including lost wages; plus any interest on such

18   attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement

19   Fund (until paid), as may be awarded by the Court.  Lead Counsel reserves the right to make

20   additional applications for fees and expenses incurred.

21       6.2    Any fees and expenses awarded by the Court shall be payable to Lead Counsel

22   from the Settlement Fund immediately after the Court executes an order awarding such fees and

23   expenses, but in no event shall attorneys' fees and expenses be payable prior to the settlement

24   funding schedule set forth in ¶ 3.1.

25       6.3    In the event that the Effective Date does not occur, or the Judgment or the order

26   making the Fee and Expense Award is reversed or modified by final non-appealable order, or the

27   Settlement Agreement is canceled or terminated for any other reason, and in the event that the

     Fee and Expense Award has been paid to any extent, then Lead Counsel shall, within five (5)

*In re WageWorks, Inc., Sec. Litig.* Stipulation of Settlement

business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund, plus interest thereon at the same rate as earned on the cash portion of the Settlement Fund, in an amount consistent with such reversal or modification.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Settlement Agreement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Settlement Agreement.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement Agreement, or affect or delay the finality of the Judgment approving the Settlement Agreement and the settlement of the Action set forth therein.

6.5     Defendants and the Released Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Lead Counsel over and above payment approved by the Court from the Settlement Fund. Defendants shall take no position with respect to Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Settlement Agreement shall be the first day after all of the following events occur:

(a)     The Company or Defendants' insurers have timely made their contributions to the Settlement Fund as required by ¶ 3.1 hereof;

(b)     The Company has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 7.7 hereof;

(c)     the Court has entered the Preliminary Approval Order, as required by ¶ 4.1 hereof;

*In re WageWorks, Inc., Sec. Litig.* Stipulation of Settlement

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto, or an Alternate Judgment acceptable to all of the Settling Parties; and

(e)     the Judgment (or Alternate Judgment) has become Final, as defined in ¶ 1.17 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶ 7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3     Defendants' counsel or Lead Counsel shall have the right to terminate the Settlement and this Settlement Agreement by providing written notice of their election to do so to all other parties hereto within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Settlement Agreement or any material part of it; (c) the Court's declining to enter the Judgment in any material respect; (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  Lead Counsel shall have the right to terminate this Settlement if the payments required under ¶ 3.1 hereof are not timely made.

7.4     Unless otherwise ordered by the Court, in the event the Settlement Agreement shall be terminated, then within thirty (30) calendar days after the occurrence of such event and in accordance with the terms of ¶ 3.9 hereof, the Settlement Fund (including accrued interest), less any expenses and costs reasonably incurred for notice and administration of the Settlement pursuant to ¶ 3.6 hereof and any Taxes or Tax Expenses paid or payable under ¶ 3.8, shall be refunded by the Escrow Agent to Defendants' insurers who remitted such sums to the Escrow Agent, pursuant to written instructions from WageWorks or its successor-in-interest.  At the request of counsel to WageWorks, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from WageWorks or its successor-in-interest.

7.5     In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated, the Settling Parties shall be restored to their respective positions in the Action as of February 11, 2021.  In such event, the terms and provisions of the Settlement Agreement, with the exception of ¶ 3.9 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Settlement Agreement.

7.6     If the Effective Date does not occur, or if the Settlement Agreement is terminated pursuant to its terms, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for notice or administration costs under ¶ 3.6 or for Taxes or Tax Expenses under ¶ 3.8.  In addition, any expenses, Taxes or Tax Expenses already incurred or accrued and properly chargeable to the Settlement Fund pursuant to, ¶ 3.6 or ¶ 3.8 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Settlement Agreement prior to the balance being refunded in accordance with ¶ 3.9 and ¶ 7.4 hereof.

7.7     If, prior to the Settlement Hearing, the aggregate number of shares of WageWorks common stock purchased by Persons who would otherwise be Members of the Settlement Class, but who request exclusion from the Settlement Class, exceeds the sum specified in a separate "Supplemental Agreement" between the Settling Parties, the Company shall have, in its sole and absolute discretion, the option to terminate this Settlement Agreement in accordance with the procedures set forth in the Supplemental Agreement.  The Settlement Agreement shall confirm that any election by a member of the 1933 Act Class to instead receive funds allocated as a member of the 1934 Act Class, or visa-versa, does not constitute an opt-out or an exclusion from

the Settlement.  Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

## 8.    MISCELLANEOUS PROVISIONS

8.1    If a case is commenced in respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the Settling Parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of the Defendants pursuant to this Settlement, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to the execution of this Stipulation and any cash amounts in the Settlement Fund shall be returned as provided in ¶ 7.4 above.

8.2    As set forth in the Class Action Fairness Act of 2005 ("CAFA"), WageWorks shall timely serve a CAFA notice within ten (10) calendar days of the entry of the Preliminary Approval Order.  Lead Plaintiffs shall be responsible for all costs and expenses related thereto.

8.3    Each Defendant warrants as to himself, herself or itself that, as to the payments made on behalf of him, her, or it, at the time of such payment that the Defendant caused to be made pursuant to ¶ 3.1 above, he, she, or it was not insolvent nor did nor will the payment required to be made on behalf of him, her, or it render such Defendant insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This warranty is made by each such Defendant and not by such Defendant's Counsel.

8.4    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

1  implement all terms and conditions of the Settlement Agreement and to exercise their reasonable

2  best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

3     8.5     The Settling Parties intend this settlement to be a final and complete resolution of

4  all disputes between them with respect to the Action.  The Settlement compromises claims which

5  are contested and shall not be deemed an admission by any Settling Party as to the merits of any

6  claim or defense.  The Final Judgment will contain a statement that during the course of the

7  Action, the parties and their respective counsel at all times complied with the requirements of

8  Federal Rule of Civil Procedure 11.  While retaining their right to deny liability, the Defendants

9  agree that the amount paid to the Settlement Fund and the other terms of the settlement were

10  negotiated in good faith by the Settling Parties and reflect a settlement that was reached

11  voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their

12  right to rebut, in a manner that such party determines to be appropriate, any contention made in

13  any public forum that the Action was brought or defended in bad faith or without a reasonable

14  basis.

15     8.6     Neither the Settlement Agreement, the Settlement reflected therein, in whole or in

16  part, or any act performed or document executed pursuant to or in furtherance of the Settlement

17  Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of,

18  or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the

19  Defendants or the Released Parties; or (b) is or may be deemed to be or may be used as an

20  admission of, or evidence of, any fault or omission of any of the Defendants or the Released

21  Parties in any civil, criminal or administrative proceeding in any court, administrative agency or

22  other tribunal.  Defendants or the Released Parties may file the Settlement Agreement and/or the

23  Judgment in any action that may be brought against them in order to support a defense or

24  counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith

25  settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion

26  or similar defense or counterclaim.

27     8.7     All agreements made and orders entered during the course of the Action relating

   to the confidentiality of information shall survive this Settlement Agreement.

8.8     All of the Exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

8.9     The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.10     The Settlement Agreement and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.11     Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate.

8.12     Lead Counsel, on behalf of the Settlement Class Members, warrants and represents that they are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class Members pursuant to the Settlement Agreement to effectuate its terms and are also expressly authorized by Lead Plaintiffs to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class Members that it deems appropriate.

8.13     Each counselor and Person executing the Settlement Agreement or any of its Exhibits on behalf of any party hereto hereby warrants that such counselor or Person has the full authority to do so.

8.14     The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

8.15     The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8. 16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

8.17    The Settlement Agreement and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with and governed by, the internal, substantive laws of the State of California, without giving effect to that State's choice-of-law principles.

8.18    Except as otherwise provided herein, each party shall bear his, her, or its own costs.

**IN WITNESS WHEREOF**, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys, dated as of April 1, 2021.

DATED:  April 1, 2021

Respectfully submitted,

BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)
sbasser@barrack.com
SAMUEL M. WARD (216562)
sward@barrack.com

/S/STEPHEN R. BASSER

STEPHEN R. BASSER

600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  (619) 230-0800
Facsimile:   (619) 230-1874

JEFFREY A. BARRACK
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
jbarrack@barrack.com

*Attorneys for Lead Plaintiffs the Public Employees'*
*Retirement System of Mississippi, the Public*
*Employees Retirement Association of New Mexico*

*In re WageWorks, Inc., Sec. Litig.* Stipulation of Settlement

and the Government Employees' Retirement System of the Virgin Islands

DATED: April 1, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
CAZ HASHEMI
chashemi@wsgr.com
IGNACIO SALCEDA
isalceda@wsgr.com
BETTY CHANG ROWE
browe@wsgr.com

IGNACIO SALCEDA

650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Counsel for Defendant WageWorks, Inc.*

Dated: April 1, 2021

FENWICK & WEST LLP

MICHAEL S. DICKE
CATHERINE D. KEVANE

555 California Street
San Francisco, CA 94104
Tel:  (415) 875-2435
Email:  mdicke@fenwick.com
ckevane@fenwick.com

*Attorneys for Defendant Joseph L. Jackson*

Dated: April 1, 2021

COBLENTZ, PATCH, DUFFY & BASS LLP

/S/TIMOTHY P. CRUDO

TIMOTHY P. CRUDO

One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Tel:  (415) 391-4800
tcrudo@coblentzlaw.com

*Attorneys for Defendant Colm M. Callan*

29

Dated: April 1, 2021

LAW OFFICE OF WILLIAM H. KIMBALL

WILLIAM H. KIMBALL

803 Hearst Avenue
Berkeley, CA  94710
Tel: (510) 704-1400
wkimball@wkimball.com

*Attorneys for Defendant Colm M. Callan*

Dated:  April 1, 2021

O'MELVENY & MYERS LLP

AMY S. PARK

2765 Sand Hill Road
Menlo Park, CA 94025
Tel: (650) 473-2600
apark@omm.com

*Attorneys for Defendants Mariann
Byerwalter, Thomas A. Bevilacqua, Bruce G.
Bodaken, Jerome D. Gramaglia, John W.
Larson, and Robert L. Metzger*

## SIGNATURE ATTESTATION

I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

STEPHEN R. BASSER

30

*In re WageWorks, Inc., Sec. Litig.* Stipulation of Settlement

Dated: April 1, 2021

LAW OFFICE OF WILLIAM H. KIMBALL

WILLIAM H. KIMBALL

803 Hearst Avenue
Berkeley, CA 94710
Tel: (510) 704-1400
wkimball@wkimball.com

*Attorneys for Defendant Colm M. Callan*

Dated: April 1, 2021

O'MELVENY & MYERS LLP

/S/AMY S. PARK

AMY S. PARK

2765 Sand Hill Road
Menlo Park, CA 94025
Tel: (650) 473-2600
apark@omm.com

*Attorneys for Defendants Mariann
Byerwalter, Thomas A. Bevilacqua, Bruce G.
Bodaken, Jerome D. Gramaglia, John W.
Larson, and Robert L. Metzger*

## SIGNATURE ATTESTATION

I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

/S/STEPHEN R. BASSER

STEPHEN R. BASSER

30

*In re WageWorks, Inc., Sec. Litig.* Stipulation of Settlement

**EXHIBIT A**

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

8
9
10
11

| | |
|---|---|
| IN RE WAGEWORKS, INC., SECURITIES LITIGATION | CASE NO. 4:18-CV-01523-JSW |
| | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    **WHEREAS**, on April 1, 2021, (a)   The Public Employees' Retirement System of

2    Mississippi ("MPERS"), The Public Employees Retirement Association of New Mexico

3    ("PERA"), and The Government Employees' Retirement System of the Virgin Islands

4    ("VIGERS") (collectively "Lead Plaintiffs"), on behalf of themselves and the proposed Settlement

5    Class; (b) defendants WageWorks, Inc. ("WageWorks" or the "Company"), Joseph L. Jackson

6    and Colm M. Callan (collectively the "Executive Defendants"), Robert L. Metzger, Mariann

7    Byerwalter, Thomas A. Bevilacqua, Bruce G. Bodaken, Jerome D. Gramaglia and John W. Larson

8    (the "Outside Director Defendants" and, collectively with the Executive Defendants, the

9    "Individual Defendants" and, together with WageWorks, collectively the "Defendants"), by and

10   through their respective duly authorized counsel, entered into a Stipulation and Agreement of

11   Settlement (the "Settlement Agreement") in the above-captioned litigation (the "Action"), which

12   is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together

13   with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the

14   claims alleged in the Lead Plaintiffs' Consolidated Class Action Complaint filed in this Action

15   on May 16, 2019 ("Complaint") against the Defendants on the merits and with prejudice (the

16   "Settlement");

17   **WHEREAS**, all capitalized terms used in this Order that are not otherwise defined herein

18   have the meanings defined in the Settlement Agreement;

19   **WHEREAS**, the Court has read and considered the Settlement Agreement to determine,

20   among other things, whether the Settlement is sufficiently fair, reasonable, and adequate to

21   warrant the issuance of notice of the proposed Settlement to the members of the Settlement Class;

22   and

23   **WHEREAS**, the Settling Parties to the Settlement Agreement have consented to the entry

24   of this Order;

25   **NOW, THEREFORE**, the Court declares that it is hereby **ORDERED**, **ADJUDGED**

26   **AND DECREED** as follows:

27

28

1.     <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of this Action and over the Settling Parties.

2.     <u>Settlement Class</u>.  The Court hereby preliminarily certifies the following classes for the purposes of settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons and entities who purchased or otherwise acquired WageWorks Common Stock issued pursuant or traceable to the Registration Statement and prospectus for WageWorks' public offering of common stock on June 19, 2017 (the "Offering" or "June 2017 Offering") , and who were damaged thereby (the "1933 Act Class", and, together with the 1934 Act Class, the "Settlement Class" or "Class"). Excluded from the 1933 Act Class are Defendants; the officers and directors of WageWorks; WageWorks' successor in interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest. In addition, any person or entity who or which submits a request for exclusion from the 1933 Act Class that is accepted by the Court shall also be excluded from the 1934 Act Class.

-   OR -

> All persons and entities who purchased or otherwise acquired WageWorks' publicly traded common stock on the open market between May 6, 2016 and March 1, 2018, inclusive, and were damaged thereby (the "1934 Act Class" and, together with the 1933 Act Class, the "Settlement Class" or "Class"). Excluded from the Class are Defendants; the officers and directors of WageWorks, WageWorks' successor in-interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors, and assigns, and any entity in which Defendants have or had a controlling interest. In addition, any person or entity who or which submits a request for exclusion from the 1934 Act Class that is accepted by the Court shall also be excluded from the 1933 Act Class.

3.     The Court preliminarily finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein, in that:

(a)     the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)     there are questions of law and fact common to Settlement Class Members;

(c)     Lead Plaintiffs' claims are typical of the claims of the respective classes that they represent;

(d)     Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class;

1　　　　　(e)　　the questions of law and fact common to the Settlement Class Members

2　predominate over any individual questions; and

3　　　　　(f)　　a class action is superior to other available methods for the fair and efficient

4　adjudication of the controversy, considering that the claims of Settlement Class Members in the

5　Action are substantially similar and would, if tried, involve substantially identical proofs and may

6　therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts

7　of the claims of many of the Settlement Class Members are too small to justify the expense of

8　individual actions; and it does not appear that there is any intent among Settlement Class Members

9　in individually controlling the litigation of their claims.

10　　　　4.　　Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

11　of the Settlement only, the Public Employees Retirement Association of New Mexico is

12　preliminarily certified as Class Representative for the 1933 Act Class.

13　　　　5.　　Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

14　of the Settlement only, The Public Employees' Retirement System of Mississippi and The

15　Government Employees' Retirement System of the Virgin Islands are preliminarily certified as

16　Class Representatives for the 1934 Act Class.

17　　　　6.　　Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

18　of the Settlement only, the law firm of Barrack, Rodos & Bacine is preliminarily appointed Lead

19　Counsel for the Settlement Class.

20　　　　7.　　Any Settlement Class Member may enter an appearance in this Action, at his, her,

21　or its own expense, individually or through counsel of his, her, or its own choice.   If any

22　Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead

23　Counsel.

24　　　　8.　　<u>Preliminary Findings Concerning Proposed Settlement</u>. The Court preliminarily

25　finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-

26　length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting

27　final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential

28

1    treatment to the Lead Plaintiffs or segments of the Settlement Class; and (v) warranting notice of

2    the proposed Settlement to Settlement Class Members and further consideration of the Settlement

3    at the fairness hearing described below.

4        9.    <u>Settlement Hearing</u>.  A hearing (the "Settlement Hearing") will be held on __,

5    2021 at __ before the Honorable Jeffrey S. White in Courtroom 5 of the United States Courthouse,

6    1301 Clay Street, Oakland, CA 94612, to determine, among other things:

7        (a)    whether the proposed Settlement of the Action on the terms and conditions

8    provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved

9    by the Court;

10        (b)    whether a Final Judgment and Order of Dismissal with Prejudice

11   substantially in the form of Exhibit B to the Settlement Agreement should be entered, dismissing

12   the Action in its entirety and with prejudice; whether the covenants by the Settlement Class and

13   the release by the Settlement Class of the Released Claims, as set forth in the Settlement

14   Agreement, should be provided to the Released Defendant Parties; and whether the Settlement

15   Class should be forever barred and enjoined from commencing, instituting, prosecuting or

16   maintaining any of the Released Claims against the Released Defendant Parties;

17        (c)    whether the proposed Plan of Allocation of the Net Settlement Fund is fair

18   and reasonable and should be approved by the Court;

19        (d)    whether the Settlement Class should be finally certified for the purposes of

20   the Settlement only; whether Lead Plaintiffs should be finally certified as Class Representatives

21   for the Settlement Class; and whether the law firm of Barrack, Rodos & Bacine should be finally

22   appointed Lead Counsel for the Settlement Class;

23        (e)    whether Lead Counsel's application for a Fee and Expense Award should

24   be granted; and

25        (f)    such other matters as may properly be before the Court in connection with

26   the Settlement.

27

28

1      10.    The Court reserves the right to approve the Settlement with or without

2  modification and with or without further notice to the Settlement Class of any kind.  The Court

3  further reserves the right to enter the Judgment approving the Settlement regardless of whether it

4  has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may

5  also adjourn the Settlement Hearing or modify any of the dates herein without further notice to

6  members of the Settlement Class.

7      11.    <u>Notice</u>. The Court approves the form, substance, and requirements of the Postcard

8  Notice, Notice, and Summary Notice (together, the "Notices") and the Proof of Claim form

9  annexed hereto as Exhibits A1-A4 and finds that the procedures established for publication,

10  mailing, and distribution of the Notices and Proof of Claim form substantially in the manner and

11  form set forth in paragraph 12 of this Order: (a) constitute the best notice to Settlement Class

12  Members practicable under the circumstances; (b) are reasonably calculated, under the

13  circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement

14  and to apprise Settlement Class Members of their right to object to the proposed Settlement or to

15  exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate,

16  and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable

17  requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United

18  States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities

19  Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation

20  Reform Act of 1995 ("PSLRA"), the Rules of this Court, and any other applicable law.

21      12.    <u>Retention of Claims Administrator and Manner of Notice</u>.  The Court approves the

22  retention of Heffler Claims Group as the Claims Administrator to supervise and administer the

23  notice procedure and the processing of claims under the supervision of Lead Counsel as more

24  fully set forth below:

25      a.    Not later than ten (10) business days after entry of this Order by this Court

26  (the "Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in

27  the form attached hereto as Exhibit A-1, to be sent to each Settlement Class Member who can be

28

1  identified by reasonable effort.  Such notice shall be sent by first-class mail, postage prepaid, to

2  the Settlement Class Members' last known address.  Not later than five (5) business days after

3  entry of this Order, WageWorks shall provide to Lead Counsel, or the Claims Administrator, at

4  no cost, a list in electronic searchable form of the names and addresses of the Persons who

5  purchased WageWorks common stock during the Class Period, as identified in the records

6  maintained by WageWorks's transfer agent.

7          b.      Not later than ten (10) business days after entry of this Order by this Court

8  (the "Notice Date"), the Claims Administrator shall cause the Notice and Claim Form,

9  substantially in the forms attached hereto as Exhibits A-2 and A-3 to be published in

10  downloadable form on www.wageworkssettlement.com.

11          c.      Not later than fourteen (14) calendar days after the Notice Date, the Claims

12  Administrator shall cause the Summary Notice, substantially in the form attached hereto as

13  Exhibit A-4, to be published in the *Investor's Business Daily* and disseminated over *PR Newswire,*

14  a national business-oriented wire service. The Summary Notice need not be published in each of

15  these media on the same day.

16          d.      Not later than thirty-five (35) calendar days before the Settlement Hearing,

17  Lead Counsel shall file with the Court one or more affidavits or declarations showing timely

18  compliance with the foregoing mailing and publication requirements.

19        13.    <u>Nominee Purchasers</u>.  Banks, brokerage firms, institutions, and other Persons who

20  are nominees that purchased WageWorks common stock for the beneficial interest of other

21  Persons during the Class Period ("Nominee Purchasers") shall,  within seven (7) calendar days of

22  receiving the Notice: (a) provide to the Claims Administrator the name and last-known address

23  of each such beneficial owner; or (b) request additional copies of the Notice and Proof of Claim

24  form and, within seven (7) calendar days of receipt, mail the Notice and Proof of Claim form

25  directly to such beneficial owners.  Nominee Purchasers following procedure (b) shall promptly

26  send a statement to the Claims Administrator confirming that the mailing was made as directed,

27  and maintain mailing records for future use in the Action.  The Claims Administrator shall, if

28

1   requested, and upon receipt of appropriate supporting documentation, reimburse Nominee

2   Purchasers out of the Settlement Fund solely for Nominee Purchasers' reasonable out-of pocket

3   expenses incurred in sending the Notice and Proof of Claim form to the beneficial owners who

4   are potential Settlement Class Members, which expenses would not have been incurred except

5   for the sending of such notice, subject to further Order of this Court with respect to any dispute

6   concerning such reimbursement.

7       14.   Submission of Proof of Claim Forms.   In order to be eligible to receive a

8   distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance

9   with the terms and conditions set forth in the Settlement Agreement, each Settlement Class

10  Member shall take the following actions and be subject to the following conditions:

11       a.   Any Settlement Class Member who wishes to participate in the

12  distributions of the Net Settlement Fund must sign and return a completed Proof of Claim form

13  in accordance with the instructions contained therein and in the Notice.  All Proofs of Claim must

14  be submitted by first-class mail, postmarked no later than 120 calendar days after the Notice Date.

15  Such deadline may be further extended by Court Order or by Lead Counsel in their discretion.  If

16  a Settlement Class Member chooses to return his, her, or its Proof of Claim in a manner other

17  than by first-class mail (including electronic submission), then the Proof of Claim must be

18  actually received by the Claims Administrator no later than 120 calendar days after the Notice

19  Date, or such other date as may be set by the Court or allowed by Lead Counsel.  Unless otherwise

20  ordered by the Court, any Settlement Class Member who does not sign and return a valid Proof

21  of Claim within the time provided shall be barred from sharing in the distribution of the Net

22  Settlement Fund, but shall nonetheless be bound by the Settlement Agreement, the Judgment and

23  the releases therein.

24       b.   The Proof of Claim submitted by each Settlement Class Member must

25  satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly

26  completed, signed and submitted in a timely manner in accordance with the provisions of the

27  preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for

28

1   the transactions reported therein, in the form of broker-confirmation slips, broker-account

2   statements, an authorized statement from the broker containing the transactional information

3   found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead

4   Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a

5   certification of his or her current authority to act on behalf of the Settlement Class Member must

6   be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no

7   material deletions or modifications of any of the printed matter contained therein and must be

8   signed under penalty of perjury.

9           c.      As part of the Proof of Claim, each Settlement Class Member shall submit

10  to the jurisdiction of the Court with respect to the claim submitted.

11          15.     Exclusions from the Settlement Class.  Any Settlement Class Member who does

12  not timely submit a valid written request for exclusion from the Settlement Class in accordance

13  with the instructions in the Notice and herein shall be bound by all of the terms and conditions of

14  the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this Action

15  regardless of whether such Settlement Class Member submits a Proof of Claim form.  Requests

16  for exclusion shall be made in writing and shall clearly state the name, mailing address, daytime

17  telephone number, and e-mail address of the Person seeking exclusion; shall state the number of

18  shares of WageWorks publicly traded common stock owned as of the beginning of trading on

19  May 6, 2016 (the first day of the Class Period); shall list the date(s), price(s), and number(s) of

20  shares of all purchases, acquisitions and sales of WageWorks publicly traded common stock

21  during the Class Period; provide documentation of such trading; and state clearly that the Person

22  "wishes to be excluded from the Settlement Class in *In re WageWorks, Inc., Securities Litigation,*

23  Case No.: 4:18-CV-01523-JSW (N.D. Cal.)"  Requests for exclusion must be submitted by first-

24  class mail or delivered so that they are received no later than twenty-one (21) days before the

25  Settlement Hearing.  A request for exclusion shall not be effective unless it provides the required

26  information set forth herein and in the Notice and is made within the time stated herein, or the

27  request for exclusion is otherwise accepted by the Court.  Any Settlement Class Member who is

28

excluded from the Settlement Class shall not be entitled to participate in any distributions from the Net Settlement Fund.

16.     Objections to Settlement.  Any member of the Settlement Class may object to the proposed Settlement in writing.  Written objections must include the Settlement Class Member's name, address, telephone number, e-mail address, and signature; identify the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of WageWorks publicly traded common stock during the Class Period; identify the number of shares of WageWorks publicly traded common stock owned as of the beginning of trading on May 6, 2016; and state the reasons for the objection.  Objections must include documentation, such as brokerage statements, showing reported trading in WageWorks publicly traded common stock.   All written objections and supporting papers must (a) clearly identify the case name and number (*In re WageWorks, Inc., Securities Litigation,* Case No.: 4:18-CV-01523-JSW (N.D. Cal.), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or received no later than twenty-one (21) days before the Settlement Hearing.  Any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement and the Fee and Expense Application.  Any untimely objection shall be barred.  Any submissions by the Settling Parties in opposition or response to objections shall be filed with the Court no later than seven (7) days before the Settlement Hearing.

17.     Appearance at Settlement Hearing.  Any objector who files and serves a timely, written objection in accordance with the instructions above and in the Notice, may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Hearing must file a notice of intention to appear with the Court no later than twenty-one (21) days before the Settlement

Hearing.  Any objector who does not timely file a notice of intention to appear in accordance with this paragraph and the Notice shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

18.  Service of Papers.  Counsel for the Defendants and Lead Counsel shall promptly furnish all Settling Parties with copies of any and all objections and notices of intention to appear that come into their possession.  All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

19.  Notice and Administration Expenses and Escrow Matters.  As provided in the Settlement Agreement, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from the Defendants and without further order of the Court.

20.  Passage of Title and Ownership of Settlement Fund.  The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved.  No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.  All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

21.  Bar on Litigating Released Claims.  Pending final determination of whether the Settlement should be approved, Lead Plaintiffs and all other Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, prosecute, participate in, or

1    assist in the institution, prosecution, or assertion of any Released Claim against any of the

2    Released Defendant Parties.

3         22.    Termination of Settlement.  If the Settlement fails to become effective as defined

4    in the Settlement Agreement or is terminated pursuant to the Settlement Agreement, then, in any

5    such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly

6    provided in the Settlement Agreement and this Preliminary Approval Order, shall be null and

7    void, of no further force or effect, and without prejudice to any Settling Party, and may not be

8    introduced as evidence or used in any actions or proceedings by any person or entity against the

9    Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective

10   litigation positions in the Action immediately prior to their acceptance of the mediator's final

11   settlement recommendation.

12        23.    CAFA Notice.  WageWorks shall, no later than ten (10) calendar days following

13   the entry of this Preliminary Approval Order by the Court, serve upon the appropriate state official

14   of each state in which a Settlement Class Member resides and the Attorney General of the United

15   States a notice of the proposed Settlement in compliance with the requirements of the Class

16   Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Lead Plaintiffs are solely responsible

17   for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14)

18   calendar days before the Settlement Hearing, counsel for WageWorks shall file with the Court

19   proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

20        24.    Use of Order.  This Order shall not be construed or used as an admission,

21   concession, or presumption by or against any of the Released Defendant Parties of any fault,

22   wrongdoing, breach, or liability or as a waiver by any Settling Party of any arguments, defenses,

23   or claims he, she, or it may have in the event that the Settlement Agreement is terminated, nor

24   shall it be used in any manner prohibited by paragraph 8.6 of the Settlement Agreement, *provided*

25   *however* that any of the Released Defendant Parties may refer to it to effectuate the protections

26   granted hereunder, and if the Settlement is finally approved, to enforce the terms of the Settlement

27   Agreement.

28

25.     Stay.  All proceedings in this Action are stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement and this Order.  This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

26.     Jurisdiction.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this _____ day of _____, 2021.


_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A-1**

**If you purchased or otherwise acquired shares of WageWorks, Inc. publicly traded common stock during the period from May 6, 2016 through March 1, 2018, inclusive, a Class Action Settlement may affect you.**

## The Lawsuit

A proposed settlement between Lead Plaintiffs, the Public Employees' Retirement System of Mississippi, the Government Employees' Retirement System of the Virgin Islands, and the Public Employees Retirement System of New Mexico, and WageWorks, Inc. ("WageWorks"), Joseph Jackson, Colm M. Callan, Robert L. Metzger, Mariann Byerwalter, Thomas A. Bevilacqua, Bruce G. Bodaken, Jerome D. Gramaglia and John W. Larson ( the "Defendants") in the amount of $30 million has been reached in a class action lawsuit called *In ReWageWorks, Inc. Securities Litigation*, Case No.: 4:18--cv-01523 in the U.S. District Court for the Northern District of California.  The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or otherwise acquired shares of Roadrunner's publicly traded common stock on the open market during the period from May 6, 2016 and March 1, 2018, inclusive (the "Settlement Class Period") or purchased WageWorks stock issued in or traceable to a public stock offering on June 19, 2017.  The lawsuit alleges that during the Settlement Class Period, WageWorks, Jackson, and Callan violated the federal securities law as a consequence of WageWorks's public filings with the Securities and Exchange Commission, misleading investors regarding its financial results. The lawsuit further alleges that Defendants violated Section 11 of the Securities Act of 1933 by making false statements in connection with WageWorks's June 19, 2017 public offering of common stock. Defendants deny all allegations of wrongdoing or liability whatsoever and deny that any Settlement Class Members were damaged, and the court has not decided who is right or who is wrong. Instead, the Settling Parties have agreed to settle this case to resolve the matter. Individuals who are members of the class, as defined below, may submit a claim and may receive benefits from the settlement.

## Who is Included?

You are a member of the Settlement Class if you fit either of the below descriptions:

All persons and entities who purchased or otherwise acquired the common stock of WageWorks ("WageWorks Common Stock") between May 6, 2016 and March 1, 2018, both dates inclusive, and who were damaged thereby (the "1934 Act Class").

-or-

All persons and entities who purchased or otherwise acquired WageWorks Common Stock issued in WageWorks' public offering of common stock on June 19, 2017 (the "Offering" or "June 2017 Offering") pursuant or traceable to the Registration Statement and Prospectus for the Offering, and who were damaged thereby (the "1933 Act Class").

## What does the Settlement provide?

Defendants and their insurers have agreed to pay thirty million dollars ($30,000,000) in cash. At this time, it is not possible to make any determination as to how much any Settlement Class Member may receive from the Settlement. The Settlement Amount will be deposited into an escrow account. If the Settlement is approved by the Court, the Settlement Amount less attorneys' fees awarded by the Court, litigation expenses approved by the Court, notice of administration costs and expenses and any taxes will be distributed on a pro rata basis to Class Members who submit valid Claim Forms. Please visit www.wageworkssettlement.com for complete details.

## What are my rights?

**File a Claim:** To be eligible to receive a payment from the Settlement, you must mail or submit a valid Claim Form by **\_\_, 2021**.  **To download a detailed Notice and Claim Form,** visit www.wageworkssettlement.com. **Do Nothing:** If you do nothing, you will not receive any benefits, but you will be bound by the decisions of the Court. **Opt Out:** If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement and you will maintain your right to sue regarding the legal claims in this case. To exclude yourself, you must do so in writing by **\_\_, 2021**. If you exclude yourself, **you will not receive money from this Settlement**. **Object:** You may object to the Settlement by submitting a written objection to the Court and the Parties by **\_\_, 2021**.

## Other Important Dates

The Court will hold a Final Approval Hearing on \_\_, 2021 at \_\_:\_\_ at the United States District Court for the Northern District of California, Oakland Division to consider whether to approve the settlement and a request for attorneys' fees, costs, and expenses to be paid by the settlement. You or your attorney may seek to appear at the hearing, but you do not have to.

## Where can I get More Information?

This is only a summary. For more information, or to file a claim, visit the settlement website, www.wageworkssettlement.com, or call the Claims Administrator at 1-888-665-1124.

**EXHIBIT A-2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE WAGEWORKS, INC.                    Case No.: 4:18-cv-01523-JSW
SECURITIES LITIGATION
                                         **CLASS ACTION**

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION**:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action"), pending in the United States District Court for the Northern District of California, Oakland Division, (the "Court"), if, during the period from May 6, 2016 through March 1, 2018, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired WageWorks, Inc. common stock in the open market and were damaged thereby and/or purchased WageWorks common stock in the June 19, 2017 public offering priced at $69.25 per share and were damaged thereby.[1]

**NOTICE OF SETTLEMENT**:  Please also be advised that the Court-appointed Lead Plaintiffs, the Public Employees' Retirement System of Mississippi, the Government Employees' Retirement System of the Virgin Islands, and the Public Employees Retirement System of New Mexico (collectively "Lead Plaintiff"), on behalf of themselves and the Settlement Class (as defined in paragraph 1 below), have reached a proposed settlement of the Action for $30,000,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact WageWorks, Inc., any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (see paragraph 24 below).**

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement (the "Settlement Agreement"), which is available at www. wageworkssettlement.com.

1.     **Description of the Action and the Settlement Class**:   This Notice relates to a proposed Settlement of claims in a pending securities class action brought by Lead Plaintiffs alleging, among other things, that defendants WageWorks, Inc. ("WageWorks" or the "Company"), Joseph L. Jackson and Colm M. Callan violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Rule 10b-5 promulgated thereunder as a consequence of false and/or misleading statements that they made, or caused to be made, to investors between May 6, 2016 and March 1, 2018, inclusive, and that defendants WageWorks, Jackson, Callan, Robert L. Metzger, Mariann Byerwalter, Thomas A. Bevilacqua, Bruce G. Bodaken, Jerome D. Gramaglia and John W. Larson violated §§ 11 and 15 of the Securities Act of 1933 ("1933 Act") by making false and/or misleading statements in connection with the Company's June 19, 2017 public offering (the "Offering") of WageWorks common stock priced at $69.25 per share. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in the section entitled "Who is in the Settlement" question number 5 below, excluding those persons or entities as defined in question number 6 below, at page _.

2.     **Statement of the Settlement Class' Recovery**:   Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $30,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in the section entitled "Plan of Allocation of the Net Settlement Fund" at pages __-__.

3.     **Estimate of Average Amount of Recovery Per Share**:   Based on Lead Plaintiffs' damages expert's estimate of the number of shares of WageWorks common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved attorneys' fees, expenses, and costs as described herein) per damaged share of common stock purchased between May 6, 2016 and March 1, 2018, inclusive, is $1.92. For investors who purchased shares pursuant to the June 19, 2017 public offering, the estimated average recovery (before the deduction of any Court-approved attorneys' fees, expenses, and costs as described herein) per damaged share is $2.56.  Settlement Class Members should note, however, that the foregoing averages are only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their WageWorks common stock, and the total number of, and recognized loss amount on valid claims submitted.  The recovery by a Settlement Class Member who timely and properly files a Proof of Claim will be a portion of the Net Settlement Fund, determined by comparing his, her, or its "Recognized Loss" to the total Recognized Losses of all Settlement Class Members who timely submit valid Proofs of Claim, as described more fully below.  An individual Settlement Class Member's actual recovery will depend on, for example: (a) the total amount of Recognized Losses of other Settlement Class Members; (b) how many shares of WageWorks common stock you

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

2

purchased or acquired during the Settlement Class Period; (c) the purchase price(s) paid; (d) the date of the purchase(s); and (e) whether and when you sold your shares. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (see pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff was to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities law or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.      **Statement of Attorneys' Fees and Expenses Sought:**  The attorneys representing Lead Plaintiff and the Settlement Class have expended considerable time and effort in prosecuting this Action on a contingent fee basis and have advanced all of the expenses of the Action, with the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery.  In this type of litigation, it is customary for plaintiff's counsel to be awarded a percentage of the common fund recovered as attorneys' fees.

Lead Counsel, Barrack, Rodos & Bacine, will make an application to the Court on behalf of Plaintiff's Counsel for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 22.5% of the Settlement Fund, plus any interest earned on such amount at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel will also apply for payment of litigation expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $290,000.00, plus interest earned at the same rate as the Settlement Fund, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to its representation of the Class. In addition, the Court will be asked to approve a reserve from the Settlement Fund in order to pay the costs and expenses of notice and administration, and any taxes incurred.  If the Court approves the Fee and Expense Application in full, the average damaged share of common stock purchased between May 6, 2016 and March 1, 2018, inclusive, after deducting estimated fees and litigation expenses will be approximately $1.43 per allegedly damaged share. For investors who purchased shares pursuant to the June 19, 2017 public offering, the estimated average recovery after deducting estimated fees and litigation expenses will be approximately $1.94.

6.      **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are being represented by Court-appointed Lead Counsel, Barrack, Rodos & Bacine ("Lead Counsel"). Any questions regarding the Settlement should be directed to Stephen R. Basser or Samuel M. Ward, Barrack, Rodos & Bacine, 600 West Broadway, Suite 900, San Diego, California 92101, (619) 230-0800, Jeffrey A. Barrack, Two Commerce Square, 2001 Market Street, Suite 3300, Philadelphia, PA 19103, (215) 963-0600, www.barrack.com, or wageworkssettlement@barrack.com.

7.      **Reasons for the Settlement**:  The principal reason that Lead Plaintiffs agreed to the Settlement is the immediate benefit of a substantial cash recovery for the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

3

Complaint; the uncertainty of whether the Court would certify a class of WageWorks shareholders as a class; the uncertainty inherent in the Settling Parties' various and competing theories of loss causation and damages; the risk that a smaller recovery – or no recovery at all – might be achieved; the attendant risks of litigation, especially in complex actions such as this, the difficulties and delays inherent in such litigation (including any appeals), and the uncertainly regarding the ability to collect a judgment.   The litigation process could be expected to last several years.

Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Settlement Class Members were damaged, are entering into the Settlement solely to eliminate and bring to an end the substantial burden, expense, uncertainty, and risk of further protracted litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM BY __ __ , 2021** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY __ __, 2021** | Get no payment.  This is the only option that, assuming your request is timely made, might allow you to ever bring or be part of any other lawsuit against the Defendants and/or the other Released Defendant Parties concerning the legal claims in this case or the facts that gave rise to those claims. |
| **OBJECT BY __ __, 2021** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON __ __, 2021 AT __:00 _.M., AND FILE A NOTICE OF INTENTION TO APPEAR ON OR BEFORE __ __, 2021** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | You will get no payment but will still be bound by the Settlement and Judgment. |

**PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE ABOUT THE SETTLEMENT OR THE CLAIMS PROCESS**

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

4

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................................ **PAGES 6-8**

    1.   WHY DID I GET THIS NOTICE PACKAGE?
    2.   WHAT IS THIS LAWSUIT ABOUT?
    3.   WHY IS THIS A CLASS ACTION?
    4.   WHY IS THERE A SETTLEMENT?

**WHO IS IN THE SETTLEMENT** ................................................................................................ **PAGES 7-9**

    5.   HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?
    6.   ARE THERE EXCEPTIONS TO BEING INCLUDED?
    7.   WHAT IF I'M STILL NOT SURE IF I AM INCLUDED?

**THE SETTLEMENT BENEFITS — WHAT YOU GET** .......................................................... **PAGE 8**

    8.   WHAT DOES THE SETTLEMENT PROVIDE?
    9.   HOW MUCH WILL MY PAYMENT BE?

**HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM** ............................................. **PAGES 9-11**

    10.  HOW CAN I GET A PAYMENT?
    11.  WHEN WILL I GET MY PAYMENT?
    12.  WHAT AM I GIVING UP TO GET A PAYMENT OR STAY IN THE SETTLEMENT CLASS?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................................ **PAGES 11-12**

    13.  HOW DO I GET OUT OF THE SETTLEMENT?
    14.  IF I DON'T EXCLUDE MYSELF, CAN I SUE THE DEFENDANTS FOR THE SAME THING LATER?
    15.  IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THIS SETTLEMENT?

**THE LAWYERS REPRESENTING YOU** ...................................................................................... **PAGES 12-13**

    16.  DO I HAVE A LAWYER IN THIS CASE?
    17.  HOW WILL THE LAWYERS BE PAID?

**OBJECTING TO THE SETTLEMENT** ...................................................................................... **PAGES 12-15**

    18.  HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?
    19.  WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

**THE COURT'S FAIRNESS HEARING** ...................................................................................... **PAGE 14**

    20.  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
    21.  DO I HAVE TO COME TO THE HEARING?
    22.  MAY I SPEAK AT THE HEARING?

**IF YOU DO NOTHING** ........................................................................................................ **PAGE 15**

    23.  WHAT HAPPENS IF I DO NOTHING AT ALL?

**GETTING MORE INFORMATION** ............................................................................................ **PAGE 15**

    24.  ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?
    25.  HOW DO I GET MORE INFORMATION?

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND** ................................................ **PAGES 16-21**

    26.  HOW WILL MY CLAIM BE CALCULATED?

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES** .................................... **PAGE 21**

# BASIC INFORMATION

## Why did I get this notice package?

The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or otherwise acquired shares of WageWorks publicly traded common stock on the open market during the period from May 6, 2016 to and through March 1, 2018, inclusive and/or may have purchased WageWorks common stock in the June 19, 2017 public offering priced at $69.25 per share.

If this description applies to you or someone in your family, you have a right to know about the proposed Settlement of this class action lawsuit, and about all your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this Action is the United States District Court for the Northern District of California, Oakland Division, in Oakland, California, and the case is known as *In re WageWorks, Inc., Securities Litigation,* Case No.: 4:18-CV-01523-JSW (N. D. Cal.).  The Action is assigned to the Honorable Jeffrey S. White, Judge of the United States District Court.

## What is this lawsuit about?

This is a class action arising from allegations of false and misleading financial statements and secondary stock offering documents. Lead Plaintiffs, the Public Employees' Retirement System of Mississippi ("MPERS") and the Government Employees' Retirement System of the Virgin Islands ("GERS") (collectively the "1934 Act Plaintiffs"), allege that, between May 6, 2016 and March 1, 2018 (the "Class Period"), WageWorks, Jackson, and Callan made, or caused to be made, false and misleading statements regarding WageWorks' financial results, which were subsequently restated in WageWorks' March 18, 2019 restatement ("2019 Restatement").

In addition, Lead Plaintiff, the Public Employees Retirement Association of New Mexico ("PERA") alleges violations of the Securities Act of 1933 by WageWorks, Jackson, Callan, and certain directors of the Company based on the incorporation of false and misleading statements into the Company's June 19, 2017 Offering's Registration Statement and Prospectus, which included Jackson's and Callan's certifications of WageWorks' 2016 and 2017 financial results, and statements regarding the effectiveness of the Company's internal controls.

On March 1, 2018, the Company announced a delay in filing its annual report for the year ended December 31, 2017.  On March 2, 2018, the Company acknowledged weaknesses in its internal controls over financial reporting related to certain areas.  On April 5, 2018, the Company acknowledged that it would restate its financial statements for the second and third quarters and full fiscal year 2016 and for the first, second and third quarters 2017 and that, as a result, it would be unable to timely file a Form 10-K for fiscal year 2017. Thereafter, on March 18, 2019, in the 2019 Restatement, the Company restated its financial statements for the second and third quarters and full fiscal year 2016 and filed a Form 10-K for fiscal year 2017.

Defendants deny that they did anything wrong or violated the federal securities laws.

## Why is this a class action?

In a class action, one or more persons or entities (in this case, the Lead Plaintiffs), bring a lawsuit on behalf of people and entities who have similar claims. Together, these people and entities are a class, and each is a class member.  Bringing a case as a class action allows the adjudication of many similar claims of persons and entities that might be economically too small to bring as individual actions. A single court resolves the issues raised in the lawsuit for all class members at the same time, except for those class members who exclude themselves, or "opt-out," from the class.

**Why is there a settlement?**

On October 29, 2019, while Defendants' motions to dismiss the Action were pending in the United States District Court for the Northern District of California, the parties, including Defendants' insurance carriers, participated in a mediation session. The parties were unable to reach a settlement during that mediation. Thereafter, on June 1, 2020, the Court denied Defendants' motions to dismiss the Action.

On February 10, 2021, the parties, including Defendants' insurance carriers engaged in a mediation before retired United States District Judge Layn R. Phillips. In connection with the mediation, the parties addressed the merits of the claims and defenses and potential damages.  The eleven-hour long mediation session before Judge Phillips ended with an agreement in principle to settle the Action. On February 11, 2021, the parties executed a confidential term sheet setting forth and outlining the material terms of their agreement in-principle with respect to both monetary and non-monetary terms, and any conditions of settlement of the Action ("Settlement").

On April 1, 2021, the parties entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") which set forth the terms and conditions of the Settlement.  The Settlement Agreement can be viewed at www. wageworkssettlement.com.

On __2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled a Settlement Hearing to consider whether to grant final approval of the Settlement.

The Court did not decide in favor of Lead Plaintiffs or Defendants.  Lead Plaintiffs believe that they could have won as much as $14.01 per share retained throughout the Class Period for members of the 1934 Act Class (defined below) and as much as $14.01 per share for members of the 1933 Act Class (defined below), if they won at trial. Defendants believe the Plaintiffs would not have won anything from a trial. But there was no trial because, with the assistance of the neutral third-party mediator, the Settling Parties agreed-in-principle on February 11, 2021 to a settlement of the claims raised in the Action.

The Settlement will end all the claims against Defendants in the Action and will avoid the uncertainties and costs of further litigation and any future trial.  Affected investors will be eligible to receive compensation immediately, rather than, if at all, after the time it would take to resolve current and future motions, complete discovery, have a trial, and exhaust all appeals. Affected investors will also be able to better avoid the uncertainties of any recovery and collectability. Lead Plaintiffs and Lead Counsel believe the Settlement is in the best interests of the Settlement Class.

# WHO IS IN THE SETTLEMENT

To be eligible for a payment from the proceeds of the Settlement, you must be a Settlement Class Member.

**How do I know if I am part of the settlement?**

The Court has decided, subject to the exceptions set forth in Question 6 below, that everyone who fits either of the below descriptions is a Settlement Class Member subject to the Settlement:

> All persons and entities who purchased or otherwise acquired the common stock of WageWorks ("WageWorks Common Stock") between May 6, 2016 and March 1, 2018, both dates inclusive, and who were damaged thereby (the "1934 Act Class").
>
> -or-
>
> All persons and entities who purchased or otherwise acquired WageWorks Common Stock issued pursuant or traceable to the Registration Statement and Prospectus for WageWorks' public offering of common stock on June 19, 2017 (the "Offering" or "June 2017 Offering"), and who were damaged thereby (the "1933 Act Class").

You are a Settlement Class Member only if you individually purchased or otherwise acquired WageWorks publicly traded common stock during the Settlement Class Period. Check your investment records or contact your broker to see if you purchased or otherwise acquired WageWorks publicly traded common stock during the Settlement Class Period.

If one of your mutual funds purchased WageWorks common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member.  If you sold WageWorks publicly traded common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you purchased or otherwise acquired WageWorks' publicly traded common stock on the open market during the Settlement Class Period.

### Are there exceptions to being included?

Yes. There are some people who are excluded from the Settlement Class. Excluded from the Class are Defendants; the officers and directors of WageWorks; WageWorks' successor, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest.

Also excluded from the Settlement Class is anyone who submits a valid and timely request for exclusion from the Settlement Class, in accordance with the procedures set forth in Question __ below.

### What if I'm still not sure if I am included?

If you are still not sure whether you are included in the Settlement, you can ask for free help.  You can call the Claims Administrator toll-free at 1-888-665-1124, send an e-mail to the Claims Administrator at claimsadministrator@heffler.com and reference the case name in the subject line, or write to the Claims Administrator at *WageWorks, Inc. Securities Litigation*, P.O. Box 58549, Philadelphia, Pennsylvania, 19102-8549. Or you can fill out and return the Proof of Claim form described in Question __, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### What does the settlement provide?

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

8

In exchange for the Settlement and the release of the Released Claims (defined below) against the Released Defendant Parties, Defendants have agreed to pay Thirty Million Dollars ($30,000,000.00) cash ("Settlement Fund").  The Settlement Fund, plus interest earned thereon and after deduction of Court-approved attorneys' fees and expenses, which will include costs of Notice and administrative expenses, will be distributed among all Settlement Class Members who submit a valid Proof of Claim form and are found by the Court to be entitled to a distribution from the Net Settlement Fund ("Authorized Claimants").

### How much will my payment be?

If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement Fund will depend on several things, including, the total amount of Recognized Losses (defined below) of other Settlement Class Members; how many shares of WageWorks publicly traded common stock you bought; how much you paid for it; when you bought it; and whether or when you sold it, and if so, for how much you sold it.

You can calculate your Recognized Loss in accordance with the formulas shown below in the Plan of Allocation. It is unlikely that you will receive a payment for all of your Recognized Loss. *See* the Plan of Allocation of Net Settlement Fund on pages __-__ for more information on your Recognized Loss.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### How can I get a payment?

To qualify for a payment, you must submit a timely and valid Proof of Claim form. A Proof of Claim form is included with this Notice. If you did not receive a Proof of Claim form, you can obtain one on the Internet at the websites for the Claims Administrator: www.wageworkssettlement.com, or Lead Counsel: www.barrack.com. You can also ask for a Proof of Claim form by calling the Claims Administrator toll-free at 1-888-665-1124.

Please read the instructions carefully, fill out the Proof of Claim form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than __ __, 2021.**

### When will I get my payment?

When payments will occur depends on several factors.  The Court will hold a hearing on __ __. 2021 to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all the Proof of Claim Forms to be accurately reviewed and processed. Please be patient.

### What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you will remain a member of the Settlement Class.  As a member of the Settlement Class, upon the "Effective Date," you will release all "Released Claims" (as defined below) against the "Released Defendant Parties" (as defined below).

**"Released Defendant Parties"** means each defendant, each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related

entities, and affiliates, any trust of which any individual Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her family, and (iii) for any of the persons or entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest..

"**Released Claims**" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Plaintiffs or any other member of the 1934 Act Class or the 1933 Act Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action; and (b) relate in any way to the purchase or other acquisition of WageWorks Common Stock during the Class Period. "Released Plaintiffs' Claims" includes "Unknown Claims" as defined below and does not include any claims to enforce this Settlement.

1.1. "**Unknown Claims**" means any and all Plaintiffs' Released Claims of every nature and description against the Released Defendants' Parties which any Plaintiff or any member of the Classes does not know or suspect to exist in his, her, or its favor at the time of their release of the Plaintiffs' Released Claims, and any and all Released Defendants' Claims (as defined below) of every nature and description against the Released Plaintiffs' Parties (as defined below) which any Defendant does not know or suspect to exist in his, her, or its favor at the time of their release of the Released Defendants' Claims, and including, without limitation, those which, if known by such Plaintiff, member of the Classes or Defendant, might have affected his, her, or its decision(s) with respect to the settlement or the releases, including his, her, or its decision(s) to object or not to object to the settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each of the other Settlement Class Members, and each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, expressly waived and relinquished any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, or any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and the Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

10

definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and not subject to appeal.

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note**: if you decide to exclude yourself, there is a risk that any lawsuit you may thereafter file to pursue claims alleged in the Action may be dismissed, including if such suit is not filed within the applicable time periods required for filing suit.  Also, defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of WageWorks' publicly traded common stock opt-out of the Settlement Class.

## How do I get out of the Settlement?

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "wish to be excluded from the Settlement Class in *In re WageWorks, Inc. Securities Litigation*, Case No.: 4:18-cv-01523-JSW."  You cannot exclude yourself by telephone or e-mail.  Your letter must state the number of shares of WageWorks publicly traded common stock that you owned as of the beginning of trading on May 6, 2016 (the first day of the Settlement Class Period), and the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of WageWorks publicly traded common stock during the Settlement Class Period. Your letter must include your name, mailing address, telephone number, e-mail address, signature, and documentation (such as brokerage statements) reflecting your reported trading of WageWorks publicly traded common stock. You must submit your exclusion request so that it is **received no later than __, 2021** to:

> WageWorks, Inc. Securities Litigation
> P.O. Box 58549
> Philadelphia, PA  19102-8549

Your exclusion request must comply with these requirements to be valid.  If you ask to be excluded, you will not receive any settlement payment, and you cannot object to the Settlement.  Moreover, if you submit a valid exclusion request, you will not be legally bound by anything that happens in connection with this Settlement, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

## If I don't exclude myself, can I sue the Defendants for the same thing later?

No.  Unless you properly exclude yourself, you remain in the Settlement Class and you give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims. If you do not exclude yourself, you will not be entitled to receive any recovery <u>in any other action against</u> any of the Released Defendant Parties based on or arising out of the Released Claims. If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is __, **2021**.

**If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, do not send in a Proof of Claim form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Defendant Parties.

# THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in this case?**

The Court ordered the law firm of Barrack, Rodos & Bacine to serve as "Lead Counsel" to represent all Settlement Class Members. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How will the lawyers be paid?**

Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 22.5% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for reimbursement of litigation expenses in an amount not to exceed $290,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of litigation expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with (i) the Settlement or some part of it; (ii) the proposed Plan of Allocation; and (iii) Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses ("Fee and Expense Application").

**How do I tell the Court that I don't like the settlement?**

If you are a Settlement Class Member, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

If you want to object to the proposed Settlement, Plan of Allocation, or Fee and Expense Application, you must do so in writing. Written objections must include your name, address, telephone number, e-mail address, and signature; identify the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of WageWorks publicly traded common stock during the Settlement Class Period; identify the number of shares of WageWorks publicly traded common stock held at the close of trading on May 6, 2016; and state the reasons why you object to the Settlement (and which part(s) of the Settlement you object to), Plan of Allocation or Fee and Expense Application. You must supply documentation, such as brokerage statements, showing your reported trading in WageWorks publicly traded common stock. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall

be forever foreclosed from making any objection to the proposed Settlement, Plan of Allocation, and Fee and Expense Application.

All written objections and supporting papers must be filed on or before __, 2021 and must (a) clearly identify the case name and number (*In re WageWorks, Inc. Securities Litigation*, Case No.: 4:18-cv-01523-JSW) (N.D. Cal.); (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, United States Courthouse, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; **and** (c) be submitted to counsel for Lead Plaintiff and Defendants, as follows:

Lead Plaintiffs:

> STEPHEN R. BASSER
> SAMUEL M. WARD
> BARRACK, RODOS & BACINE
> One America Plaza
> 600 West Broadway, Suite 900
> San Diego, CA 92101
> Telephone: (619) 230-0800
> Facsimile: (619) 230-1874
>
> Or
>
> JEFFREY A. BARRACK
> BARRACK, RODOS & BACINE
> 3300 Two Commerce Square
> 2001 Market Street
> Philadelphia, PA 19103
> Telephone: (215) 963-0600
> Facsimile: (215) 963-0838

Defendants:

> CAZ HASHEMI
> IGNACIO SALCEDA
> BETTY CHANG ROWE
> WILSON SONSINI GOODRICH & ROSATI
> 650 Page Mill Road
> Palo Alto, CA 94304-1050
> Telephone: (650) 493-9300
> Facsimile: (650) 493-6811
> chashemi@wsgr.com
> isalceda@wsgr.com
> browe@wsgr.com
>
> -and-
>
> MICHAEL S. DICKE
> CATHERINE D. KEVANE
> FENWICK & WEST LLP

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

13

555 California Street
San Francisco, CA 94104
Tel:  (415) 875-2435
Email:  mdicke@fenwick.com

-and-

TIMOTHY P. CRUDO
COBLENTZ, PATCH, DUFFY & BASS
LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Tel:  (415) 391-4800
tcrudo@coblentzlaw.com

-and-

WILLIAM H. KIMBALL
LAW OFFICE OF WILLIAM H.
KIMBALL
803 Hearst Avenue
Berkeley, CA  94710
Tel: (510) 704-1400
wkimball@wkimball.com

-and-

AMY S. PARK
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Tel: (650) 473-2600
apark@omm.com

You may appear at the Final Approval Hearing, either in person or through your own attorney (see question 22). If you appear through your own attorney, you are responsible for paying that attorney.

**What's the difference between objecting and excluding?**

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application.  You can still receive a payment from the Settlement if you timely file a valid claim.  You can object only if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

**When and where will the Court decide whether to approve the settlement?**

The Court will hold the Settlement Hearing on __, 2021, at __, in Courtroom 5 of the United States Courthouse, 1301 Clay Street, Oakland, CA 94612.

At this hearing, the Court will consider whether (i) the Settlement; (ii) the proposed Plan of Allocation; and (iii) Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses ("Fee and Expense Application") are fair, reasonable, and adequate and should be finally approved.   The Court will take into consideration any written objections filed in accordance with the instructions in Question 18.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand, or the Settlement website at www.wageworkssettlement.com to be sure that the date and/or time has not changed.

## Do I have to come to the hearing?

No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, you do not have to come to Court to discuss it.  You may also pay your own lawyer to attend, but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 22 below.

## May I speak at the hearing?

If you object to the Settlement, Plan of Allocation, or Fee and Expense Application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see Question 18) a statement that it is your intention to appear in "*In re WageWorks, Inc. Securities Litigation*, Case No.: 4:18-cv-01523-JSW (N.D. Cal.)."  Persons who intend to object to the Settlement, and/or the Plan of Allocation, and/or the Fee and Expense Application, in whole or in part, and desire to present evidence at the Settlement Hearing, must also include with their objections (prepared and submitted in accordance with the answer to Question 18 above), the identity of any witness they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you excluded yourself from the Settlement Class, or if you have not provided written notice of your objection and intention to speak at the Settlement Hearing in accordance with the procedures described in response to Questions 18 and 22.

# IF YOU DO NOTHING

## What happens if I do nothing at all?

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Proof of Claim form (*see* Question 10).  To start, continue or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims in this case, you must exclude yourself from the Settlement Class (*see* Question 13).

# GETTING MORE INFORMATION

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

15

**Are there more details about the settlement?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the settlement agreement available at www.wageworkssettlement.com, by calling the Claims Administrator toll free at 1-888-665-1124; by writing to the Claims Administrator at *In re WageWorks, Inc. Securities Litigation*, P.O. Box 58549, Philadelphia, Pennsylvania, 19102-8549; by contacting Lead Counsel at Barrack, Rodos & Bacine, 600 West Broadway, Suite 900, San Diego, California 92101, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov/; or by visiting the office of the Clerk of the United States District Court for the Northern District of California, Oakland Division, United States Courthouse, 1301 Clay Street, Oakland, CA 94612, on weekdays (other than court holidays) between 10:00 a.m. and 4:00 p.m.

**How do I get more information?**

You can call 1-888-665-1124, toll free; write to *In re WageWorks, Inc. Securities Litigation*, P.O. Box 58549, Philadelphia, Pennsylvania 19102-8549; or visit the website at www.wageworkssettlement.com, where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**How will my claim be calculated?**

As discussed above, the Settlement provides $30,000,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.wageworkssettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in consultation with Plaintiffs' damages expert. In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of WageWorks common stock that was allegedly

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

16

proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Plaintiffs' damages expert considered price changes in WageWorks common stock in reaction to the public disclosure that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related WageWorks-specific information.

In order to have recoverable damages in connection with purchases and/or acquisitions of WageWorks common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the WageWorks common stock. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the period from May 6, 2016 through and including the close of trading on March 1, 2018, which had the effect of artificially inflating the prices of WageWorks common stock. Plaintiffs claim that artificial inflation was removed from the price of WageWorks common stock as the result of the alleged corrective disclosures that occurred on March 1, 2018 and on September 12, 2018, after the close of trading.[2]

In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Plaintiffs allege that corrective information allegedly impacting the price of WageWorks common stock (referred to as a "corrective disclosure") was released to the market. In order to have a "Recognized Claim Amount" under the Plan of Allocation, (i) shares of WageWorks publicly traded common stock must have been purchased or otherwise acquired during the Class Period and held through at least one corrective disclosure; (ii) shares of WageWorks publicly traded common stock must have been purchased or otherwise acquired pursuant to certain registration statements,[3] and held through at least one corrective disclosure.

## Allocation of the Net Settlement Fund

As previously described in the Notice, the Net Settlement Fund is the remainder of the Settlement Fund after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs and any applicable taxes. Pursuant to this Plan of Allocation, Class Members may have a claim under Section 10(b) ("Section 10(b) Claims") of the Securities Exchange Act of 1934 (the "1934 Act") and/or Section 11 ("Section 11 Claims") of the Securities Act of 1933 (the "1933 Act"). The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) Class Members with Section 10(b) Claims in connection with their purchase acquisition of common shares of WageWorks common stock shall be collectively allocated approximately (86.0%) of the Net Settlement Fund; and (b) Class Members with Section 11 Claims in connection with their purchase or acquisition of WageWorks common stock shall be allocated approximately (14.0%) of the Net Settlement Fund. Among other factors, in formulating the overall allocation, Lead Plaintiffs considered the maximum potential damages of each group of purchasers within the Settlement Class.

---

[2] Any transactions in WageWorks common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.
[3] These registration statements (collectively referred to as the "Offering Materials") were: 19 June 2017 Shelf Registration Statement on Form S-3; the Prospectus Supplement filed on 19 June 2017; and the Prospectus Supplement filed on 20 June 2017.

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

17

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

### Calculation of Recognized Claim Amount for Class Members with 10(b) Claims

Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of WageWorks publicly traded common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. The sum total of a Claimant's Recognized Loss Amount(s) shall be that Claimant's Recognized Claim Amount.

For each share of WageWorks publicly traded common stock purchased or otherwise acquired during period from May 6, 2016 through the close of trading on March 1, 2018, inclusive, and:

   a.   Sold prior to the close of trading on February 28, 2018, the Recognized Loss Amount per share is zero.

   b.   Sold on or after March 1, 2018, but prior to the close of trading on September 12, 2018, the Recognized Loss Amount per share shall be the *lesser* of: (i) $5.71 per share; and (ii) the difference between the purchase price and the sales price.

   c.   Sold on or after September 13, 2018, and sold prior to the close of trading on December 10, 2018, the Recognized Loss Amount per share shall be the *least* of: (i) $14.01 per share; (ii) the difference between the purchase price and the sales price; and (iii) the difference between the purchase price and average closing price between September 13, 2018 and the date of sale as stated in Table-A at the end of this Notice.

   d.   Retained beyond the close of trading on December 11, 2018, the Recognized Loss Amount per share shall be the *lesser* of: (i) $14.01 per share; and (ii) the difference between the purchase price and $38.83 per share, the average closing price for WageWorks common stock between September 13, 2018 and December 11, 2018 (the last entry on Table-A).[4]

### Calculation of Recognized Claim Amount for 1933 Act Class Members

Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase, acquisition, or sale of WageWorks common stock made pursuant or traceable to the June 2017 Offering that is listed on the Claim Form and for which adequate documentation is provided. If a "Recognized Loss Amount" calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. The sum of each Settlement Class Member's "Recognized Loss Amounts" shall be the "Recognized Claim" for each Settlement Class Member.

---

[4] Under Section 21(D)(e)(1) of the 1934 Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of WageWorks common stock during the 90-day look-back period.  The mean (average) closing price for WageWorks common stock during this 90-day look-back period was $38.83.

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

18

For each share of WageWorks common stock purchased or otherwise acquired pursuant to the June 2017 Offering, and:

 e. Sold prior to March 1, 2018, the Recognized Loss Amount per share is zero.

 f. Sold on or after March 1, 2018, but prior to the close of trading on September 12, 2018, the Recognized Loss Amount per share shall be the *least* of: (i) $5.71 per share; (ii) the difference between the purchase price and the sales price; the difference between the $69.25 offering price and the sales price.

 g. Sold on or after September 13, 2018, and sold prior to the close of trading on May 15, 2019, the Recognized Loss Amount per share shall be the *least* of: (i) $14.01 per share; (ii) the difference between the purchase price and the sales price; and (iii) the difference between the $69.25 offering price and the sales price.

 h. Retained beyond the close of trading on May 15, 2019, the Recognized Loss Amount per share shall be the *lesser* of: (i) $14.01 per share; and (ii) the difference between the purchase price and $48.53 (the closing price on May 16, 2019).

 i. The Recognized Claim Amount for shares purchased or otherwise acquired pursuant to the June 2017 Offering shall be calculated *solely* under paragraphs e-h above.

## B. Additional Provisions

If a Class Member held WageWorks common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of WageWorks common stock during or after the Class Period, the starting point for calculating a Claimant's Recognized Claim is to match the Claimant's holdings, purchases and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, WageWorks common stock sold during the Class Period will be matched, in chronological order first against WageWorks common stock held at the beginning of the Class Period. The remaining sales of WageWorks common stock during the Class Period will then be matched, in chronological order against WageWorks common stock purchased or acquired during the Class Period.

The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in WageWorks common stock during the Class Period. Each Claimant's Recognized Claim Amount will be reduced to the lesser of that Claimant's Market Loss and Recognized Claim Amount. If a Claimant had a Market Gain, that Claimant's Recognized Claim Amount shall be zero.

Purchases or acquisitions and sales of WageWorks common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of WageWorks common stock during the Class Period shall not be deemed a purchase, acquisition or sale of WageWorks common stock for the calculation of Recognized Claim, unless (i) the donor or decedent purchased or otherwise acquired such shares of WageWorks common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of WageWorks common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

19

WageWorks publicly traded common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell WageWorks publicly traded common stock are not securities eligible to participate in the Settlement. With respect to WageWorks publicly traded common stock purchased or sold through the exercise of an option, the purchase or sale date of the WageWorks publicly traded common stock is the exercise date of the option and the purchase or sale price is the exercise price of the option.

An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claim of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claim of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose *pro rata* share is $10.00 or greater.

Each Claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California, Oakland Division, with respect to his, her, or its Proof of Claim.

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

20

**TABLE A**

**WageWorks Closing Price and Average Closing Price**
**13 September 2018 – 11 December 2018**

| Date | Closing Price | Average Price Between 13 September 2018 and Date Shown | Date | Closing Price | Average Price Between 13 September 2018 and Date Shown |
|---|---|---|---|---|---|
| 9/13/2018 | $40.95 | $40.95 | 10/26/2018 | $40.16 | $41.46 |
| 9/14/2018 | $41.05 | $41.00 | 10/29/2018 | $40.04 | $41.42 |
| 9/17/2018 | $41.95 | $41.32 | 10/30/2018 | $40.01 | $41.38 |
| 9/18/2018 | $41.75 | $41.43 | 10/31/2018 | $39.81 | $41.33 |
| 9/19/2018 | $41.70 | $41.48 | 11/1/2018 | $41.36 | $41.33 |
| 9/20/2018 | $41.75 | $41.53 | 11/2/2018 | $41.38 | $41.33 |
| 9/21/2018 | $40.15 | $41.33 | 11/5/2018 | $41.32 | $41.33 |
| 9/24/2018 | $40.00 | $41.16 | 11/6/2018 | $42.78 | $41.37 |
| 9/25/2018 | $40.60 | $41.10 | 11/7/2018 | $40.89 | $41.36 |
| 9/26/2018 | $40.50 | $41.04 | 11/8/2018 | $40.00 | $41.32 |
| 9/27/2018 | $41.55 | $41.09 | 11/9/2018 | $38.38 | $41.25 |
| 9/28/2018 | $42.75 | $41.23 | 11/12/2018 | $37.69 | $41.17 |
| 10/1/2018 | $42.25 | $41.30 | 11/13/2018 | $37.10 | $41.08 |
| 10/2/2018 | $41.90 | $41.35 | 11/14/2018 | $36.40 | $40.98 |
| 10/3/2018 | $42.97 | $41.45 | 11/15/2018 | $36.87 | $40.89 |
| 10/4/2018 | $42.39 | $41.51 | 11/16/2018 | $36.50 | $40.79 |
| 10/5/2018 | $41.81 | $41.53 | 11/19/2018 | $36.02 | $40.69 |
| 10/8/2018 | $40.89 | $41.50 | 11/20/2018 | $34.30 | $40.56 |
| 10/9/2018 | $40.94 | $41.47 | 11/21/2018 | $33.92 | $40.43 |
| 10/10/2018 | $41.00 | $41.44 | 11/23/2018 | $34.51 | $40.31 |
| 10/11/2018 | $41.10 | $41.43 | 11/26/2018 | $34.38 | $40.20 |
| 10/12/2018 | $41.09 | $41.41 | 11/27/2018 | $33.16 | $40.07 |
| 10/15/2018 | $41.57 | $41.42 | 11/28/2018 | $33.84 | $39.95 |
| 10/16/2018 | $43.00 | $41.48 | 11/29/2018 | $33.60 | $39.84 |
| 10/17/2018 | $42.37 | $41.52 | 11/30/2018 | $33.33 | $39.72 |
| 10/18/2018 | $42.06 | $41.54 | 12/3/2018 | $33.59 | $39.61 |
| 10/19/2018 | $41.81 | $41.55 | 12/4/2018 | $31.10 | $39.47 |
| 10/22/2018 | $42.16 | $41.57 | 12/6/2018 | $30.03 | $39.31 |
| 10/23/2018 | $41.64 | $41.57 | 12/7/2018 | $29.48 | $39.14 |
| 10/24/2018 | $40.17 | $41.53 | 12/10/2018 | $29.84 | $38.99 |
| 10/25/2018 | $40.75 | $41.50 | 12/11/2018 | $28.91 | $38.83 |

# SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired the publicly traded common stock of WageWorks during the Settlement Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such WageWorks security during such time period; or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of that security.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are also directed to maintain the mailing records for use in connection with additional notices in the Action.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

21

supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

> WageWorks, Inc. Securities Litigation
> P.O. Box 58549
> Philadelphia, PA 19102-8549

**PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE ABOUT THE SETTLEMENT OR THE CLAIMS PROCESS**

Dated: __, 2021                             BY ORDER OF THE UNITED STATES
                                            DISTRICT COURT FOR THE NORTHERN
                                            DISTRICT OF CALIFORNIA, OAKLAND
                                            DIVISION

Questions? Visit www.wageworkssettlement.com or call 1-888-665-1124.

22

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE WAGEWORKS, INC. SECURITIES
LITIGATION

Case No.: 4:18-cv-01523-JSW

**CLASS ACTION**

**PROOF OF CLAIM**

## I.      GENERAL INSTRUCTIONS

1.      To recover as an Authorized Claimant based on your claims in the action entitled *In re WageWorks, Inc. Securities Litigation*, 4:18-CV-01523-JSW (N.D. Cal.) (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim form.  If you fail to submit a properly completed and addressed Proof of Claim form, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

2.      Submission of this Proof of Claim form, however, does not assure that you will share in the Net Settlement Fund.

**3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED NO LATER THAN                    , 2021, ADDRESSED AS FOLLOWS:**

**[INSERT CLAIMS ADMINISTRATOR ADDRESS]**

4.      If you are NOT a Class Member (as defined in the Notice of Pendency and Proposed Settlement of Class Action and Fairness Hearing ("Notice") that accompanies this Proof of Claim), DO NOT submit a Proof of Claim form.

5.      The Notice is also available for review and download on the website www.wageworkssettlement.com. It is important that you read and understand the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the net settlement proceeds for the Settlement will be distributed if the Settlement and proposed Plan of Allocation receive final court approval.  By signing and submitting this Proof of Claim form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

6.      If you are a Class Member and have not requested exclusion, you will be bound by the terms of the Settlement and any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

## II.      DEFINITIONS

Capitalized terms not defined in this Proof of Claim have the same meaning as defined in the Notice that accompanies this form.

## III.      CLAIMANT IDENTIFICATION

1.     If you purchased or otherwise acquired WageWorks, Inc. ("WageWorks") publicly traded common stock on the open market and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased the common stock but the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.     Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of WageWorks common stock which form the basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

**NOTE:** Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (for example, a corporation with multiple brokerage accounts should include all transactions made in WageWorks common stock during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in).   All joint purchasers must sign this claim.   Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and proof of their authority must accompany this claim and their titles or capacities must be stated.   The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.   Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

1.     Use Part II of this form entitled "Schedule of Transactions in WageWorks Common Stock" to supply all required details of your transaction(s) in such common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.     On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales of WageWorks publicly traded common stock which took place at any time from May 6, 2016 through May 15, 2019, inclusive, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      Broker confirmations or other documentation of your transactions in WageWorks publicly traded common stock must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.      A purchase or sale of WageWorks publicly traded common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide only "contract" or "trade" dates in your claim.

6.      NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must call the Claims Administrator toll-free at _____, send an e-mail to _____ or visit the website for this Settlement at wageworkssettlement.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a report listing all transactions contained in the electronic file.

7.      A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2021 and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

8.      You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

| **MUST BE POSTMARKED NO LATER THAN**<br><br>**_____, 2021** | *In re WageWorks, Inc. Securities Litigation*<br><br>**PROOF OF CLAIM AND RELEASE**<br>Use Blue or Black Ink Only | For Official Use Only |
|---|---|---|

3

|  |  |  |
|---|---|---|
|  |  |  |

**PART I.    CLAIMANT IDENTIFICATION** - Complete either Section A or B and then proceed to C. Please type or print.

A.    Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account. Otherwise, proceed to B.

Last Name (Beneficial Owner)                          First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable)   First Name (Joint Beneficial Owner)

Name of IRA Custodian, if applicable

If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

B.    Complete this Section ONLY if the Beneficial Owner is an Entity; i.e., corporation, trust, estate, etc.   Then, proceed to C.

Entity Name

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

C.    Account/Mailing Information:

Specify one of the following:
☐ Individual(s)  ☐ Corporation  ☐ UGMA Custodian  ☐ IRA  ☐ Partnership   ☐ Estate  ☐ Trust

☐ Other:

Number and Street or P.O. Box

City                                            State            Zip Code

Foreign Province and Postal Code          Foreign Country

Telephone Number (Day)                    Telephone Number (Evening)

4

E-mail Address

Account Number

Enter Taxpayer Identification Number below for the Beneficial Owner(s).
Last Four Digits of Social Security No. (for individuals) or     Taxpayer Identification No.

**PART II:     SCHEDULE OF TRANSACTIONS IN WAGEWORKS PUBLICLY TRADED COMMON STOCK**

**WAGEWORKS PUBLICLY TRADED COMMON STOCK – CUSIP No. 930427109 *ONLY***

*YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW.*

**COMMON STOCK BEGINNING HOLDINGS**

1.     Number of shares of WageWorks publicly traded common stock *held at the close of trading on* May 5, 2016
(If none, write "zero" or "0"; if other than zero, must be documented)

Number of Shares

**COMMON STOCK PURCHASES OR OTHER ACQUISITIONS**

2.     List (in chronological order) all purchases or other acquisitions of WageWorks publicly traded common stock made between May 6, 2016 and the close of trading on May 15, 2019, inclusive.

| Check Box if result of an Option Exercised/ Assigned | Date(s) of Purchase or Other Acquisition *(List Chronologically) Month/Date/Year* | Number of Shares of Common Stock Purchased or Otherwise Acquired | Purchase or Acquisition Price Per Share of Common Stock | Total Purchase or Acquisition Amount *(Including Commissions, Taxes & Fees)* | Purchased or Acquired on the Open Market | |
|---|---|---|---|---|---|---|
| | | | | | Yes | No |
| ☐ | | | | | ☐ | ☐ |
| ☐ | | | | | ☐ | ☐ |
| ☐ | | | | | ☐ | ☐ |
| ☐ | | | | | ☐ | ☐ |

**COMMON STOCK SALES**

3.    List (in chronological order) all sales of WageWorks publicly traded common stock made between May 6, 2016 and the close of trading on May 15, 2019, inclusive (information regarding post-March 1, 2018 sales requested for the purpose of calculating eligible losses).

| Check Box if result of an Option Exercised/ Assigned | Date(s) of Sale *(List Chronologically) Month/Date/Year* | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Total Sale Amount *(Including Commissions, Taxes & Fees)* | Sold on the Open Market Yes | No |
|---|---|---|---|---|---|---|
| ☐ | | | | | ☐ | ☐ |
| ☐ | | | | | ☐ | ☐ |
| ☐ | | | | | ☐ | ☐ |
| ☐ | | | | | ☐ | ☐ |

***IF ANY OF THE ABOVE TRANSACTIONS RELATE TO SHORT SALES, PLEASE CHECK THIS BOX***   ☐

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PHOTOCOPY THIS PAGE.

**COMMON STOCK ENDING HOLDINGS**

4.    Number of shares of WageWorks publicly traded common stock *held at the close of trading on* March 1, 2018
(If none, write "zero" or "0"; if other than zero, must be documented)

☐ **Number of Shares**

5.    Number of shares of WageWorks publicly traded common stock *held* as of May 15, 2019
(for purposes of calculating eligible losses)
(If none, write "zero" or "0"; if other than zero, must be documented)

☐ **Number of Shares**

6.    Number of shares of WageWorks publicly traded common stock *purchased* Between March 2, 2018 and May 15, 2019
(for purposes of calculating eligible losses)
(If none, write "zero" or "0"; if other than zero, must be documented)

☐ **Number of Shares**

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

6

I (We) submit this Proof of Claim form under the terms of the Plan of Allocation of Net Settlement Fund described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California (the "Court"), with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in WageWorks publicly traded common stock, if required to do so.  I(We) have not submitted any other claim covering the same purchases, acquisitions or sales of WageWorks publicly traded common stock during the Class Period and know of no other person having done so on my (our) behalf.

## VI.      RELEASES AND WARRANTIES

1.      I (We) have read and understand the contents of the accompanying Notice.

2.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Settled Claims as to each and all of the Released Parties (as these terms are defined in the accompanying Notice).

3.      I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Settled Claims (as these terms are defined in the accompanying Notice).

4.      I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not one of the "Released Parties" as defined in the accompanying Notice, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund under the terms and conditions of the Plan of Allocation, as set forth in the Notice.

5.      (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in WageWorks publicly traded common stock which occurred during the Class Period May 6, 2016 and March 1, 2018, inclusive, and any sales of WageWorks common stock purchased during the Class Period and sold on or prior to the close of trading on May 30, 2018, as well as the number of shares of WageWorks traded common stock held by me (us) at the opening of trading on May 6, 2016 and the close of trading on March 1, 2018.

6.     (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

7.     This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

8.     (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

## VII.     CERTIFICATION

Enter TIN on the appropriate line.

- For individuals, this is your Social Security Number ("SSN").
- However, for a resident alien, sole proprietor, or disregarded entity, see Part I of W-9 instructions.
- For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").
- For other entities, it is your EIN.

Last Four Digits of Social Security No. (for individuals) or     Taxpayer Identification No.

_____          _____

If you are exempt from backup withholding, enter your current TIN above and write "exempt" on the following line:

8

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

    1.    The number shown on this form is my current TIN; and

    2.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

*NOTE:*  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, 20__ in _____, _____

_____
(City)                                                        (State/Country)

_____      _____
Signature of Claimant                          (Type or print name of Claimant)

_____      _____
Signature of Joint Claimant, if any      (Type or print name of Joint Claimant, if any)

_____      _____
Signature of person signing on behalf of Claimant    (Type of print name of person signing on behalf of Claimant)

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**Reminder Checklist:**

1.      Please sign the above release and declaration.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2.      Remember to attach supporting documentation, if available.  DO NOT USE HIGHLIGHTER ON YOUR SUPPORT DOCUMENTATION.

3.      Do NOT send original stock certificates or original brokerage statements.

4.      Keep a copy of your claim form for your records.

5.      The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 45 days.  Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 45 days, please call the Claims Administrator toll free at _____.

6.      If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

**EXHIBIT A-4**

SUMMARY NOTICE OF PENDENCY AND CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

TO:

ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF WAGEWORKS, INC. BETWEEN MAY 6, 2016 AND MARCH 1, 2018, BOTH DATES INCLUSIVE, AND WHO WERE DAMAGED THEREBY.

-OR-

ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF WAGEWORKS, INC. ISSUED PURSUANT TO OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS FOR WAGEWORKS' PUBLIC OFFERING ON JUNE 19, 2017 (THE "OFFERING" OR "JUNE 2017 OFFERING") AND WERE DAMAGED THEREBY.

(COLLECTIVELY THE "SETTLEMENT CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, Oakland Division, that a settlement between Lead Plaintiffs, the Public Employees' Retirement System of Mississippi, the Government Employees' Retirement System of the Virgin Islands, and the Public Employees Retirement System of New Mexico (collectively "Lead Plaintiffs"), and WageWorks, Inc. ("WageWorks"), Joseph L. Jackson, Colm M. Callan, Robert L. Metzger, Mariann Byerwalter, Thomas A. Bevilacqua, Bruce G. Bodaken, Jerome D. Gramaglia and John W. Larson (collectively "Defendants") in the amount of $30,000,000 (the "Settlement") has been proposed.

A hearing will be held before the Honorable Jeffrey S. White, United States District Judge, on _____, 2021 at __:__ _.m. in Courtroom 5 of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612 for the purpose of determining, among other things, (i) whether the proposed Settlement is fair, reasonable, and adequate and should be approved; (ii) whether, thereafter, this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated as of April 1, 2021; (iii) whether the Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved; and (iv) the reasonableness of the application of Lead Counsel for the payment of Lead Counsels' attorneys' fees and expenses, with interest, incurred in connection with this Action. The Court has reserved the right to reschedule the hearing without further notice.

If you are a member of the Settlement Class described above, your rights may be affected by this Action and the proposed Settlement thereof. If you have not received the detailed Notice of Pendency and Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim form, you may obtain them from www.wageworkssettlement.com or by contacting the Claims Administrator:

WageWorks, Inc. Securities Litigation
P.O. Box 58549
Philadelphia, PA 19102-8549
www.wageworkssettlement.com

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

BARRACK, RODOS & BACINE
STEPHEN R. BASSER
SAMUEL M. WARD
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
(619) 230-0800

or

JEFFREY A. BARRACK
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 963-0600
www.barrack.com
wageworkssettlement@barrack.com

If you are a member of the Settlement Class and wish to share in the Settlement proceeds, you must submit a Proof of Claim postmarked or received no later than _____, 2021 establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Settlement Class, in accordance with the procedures set forth in the Notice, no later than _____, 2021. Any objections to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, such that they are received no later than _____, 2021.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE ABOUT THIS NOTICE.

DATED: _____, 2021

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

**EXHIBIT B**

STEPHEN R. BASSER (121590)
SAMUEL M. WARD (216562)
**BARRACK, RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
*sbasser@barrack.com*
*sward@barrack.com*

JEFFREY A. BARRACK
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

*jbarrack@barrack.com*

*Attorneys for Lead Plaintiffs the Public
Employees' Retirement System of
Mississippi, the Public Employees
Retirement Association of New Mexico
and the Government Employees'
Retirement System of the Virgin Islands*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE WAGEWORKS, INC., SECURITIES LITIGATION | CASE NO. 4:18-CV-01523-JSW **[PROPOSED] FINAL JUDGMENT AND ORDER** JUDGE:  Hon. Jeffrey S. White DATE: TIME: DEPT: |

1

**[PROPOSED] FINAL JUDGMENT AND ORDER**

WHEREAS, this matter came before the Court for a hearing pursuant to the Order of this Court entered on _____, 2021 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (the "Settlement Agreement"), executed as of April 1, 2021 and filed with the Court on April 1, 2021;

WHEREAS, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement;

WHEREAS, the Court has received declarations attesting to the mailing of the Notice and publication of the Summary Notice in accordance with the Preliminary Approval Order;

WHEREAS, due and adequate notice has been given to the Settlement Class as required by the Preliminary Approval Order, and the Court has considered all papers filed and proceedings in this Action and otherwise has been fully informed of the matters herein, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Settlement Agreement and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all parties to the Action and all Settlement Class Members.

2.     The Court hereby finally certifies the following 1933 Act and 1934 Act Classes (collectively the "Settlement Class") for the purposes of Settlement only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

(a)     **1934 Act Class**:  All persons and entities who purchased or otherwise acquired shares of WageWorks's publicly traded common stock in the open market between May 6, 2016 and March 1, 2018, inclusive (the "Class Period"), and were damaged thereby. Excluded from the 1934 Act Class are: the Defendants; the officers and directors of WageWorks, WageWorks' successor in-interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors, and

**[PROPOSED] FINAL JUDGMENT AND ORDER**

assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the 1934 Act Class are those persons and entities listed on Exhibit A hereto who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

**(b) 1933 Act Class**: all persons and entities who purchased or otherwise acquired WageWorks Common Stock issued pursuant or traceable to the Registration Statement and Prospectus for WageWorks's public offering of Common Stock on June 19, 2017 (the "Offering" or "June 2017 offering") and who were damaged thereby. Excluded from the 1933 Act Class are the Defendants, the officers and directors of WageWorks; WageWorks successor-in-interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the 1933 Act Class are those persons and entities listed on Exhibit A hereto who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

3.     The Court hereby affirms its appointment of the Public Employees' Retirement System of Mississippi and the Government Employees' Retirement System of the Virgin Islands, as Class Representatives for the 1934 Act Class, and the Public Employees Retirement Association of New Mexico as the Class Representative for the 1933 Act Class (Class Representatives are referred to collectively as "Lead Plaintiffs"), and Barrack, Rodos & Bacine as Lead Counsel for the Settlement Class.

4.     This Court finds that:

(a)     the distribution of the Notice, the publication of the Summary Notice, and the notice methodology (together the "Notice Program") all were implemented in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and:

(b)     the Notice Program constituted the best practicable notice to Settlement Class Members under the circumstances of the Action;

**[PROPOSED] FINAL JUDGMENT AND ORDER**

(c)      the Notice Program was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this class action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

(d)      the Notice Program was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice;

(e)      the Notice Program fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Securities Act of 1933, the Rules of the Court, and any other applicable law; and

(f)      the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable, have been satisfied.

5.      In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against the Defendants, and the risks of establishing liability and damages, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects fair, reasonable and adequate, and in the best interests of Lead Plaintiffs, the Settlement Class, and the Settlement Class Members. This Court further finds the Settlement was the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, the Settlement Class, and the Defendants. The

**[PROPOSED] FINAL JUDGMENT AND ORDER**

Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

6.  The Lead Plaintiffs' Consolidated Class Action Complaint, filed in this Action on May 16, 2019, is hereby dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement or this Judgment.

7.  Upon the Effective Date, Lead Plaintiffs and each and every Settlement Class Member (other than those listed in Exhibit A hereto) on behalf of themselves and each of their respective heirs, agents, representatives, attorneys, subsidiaries, affiliates, executors, trustees, administrators, predecessors, successors, assigns, any trust of which any Lead Plaintiffs or Settlement Class Member is the settlor or is for the benefit of a member of their immediate family, and any entity acting on behalf of a Lead Plaintiffs or Settlement Class Member, in their capacity as a Lead Plaintiff or Settlement Class Member, shall: (i) be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims, as against each and every one of the Released Defendants Parties; (ii) be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendants Parties; and (iii) be deemed to have covenanted not to sue any Released Defendant Party on the basis of any Released Claims or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Defendant Party. The foregoing release is given regardless of whether such Lead Plaintiffs or Settlement Class Members have: (i) executed and delivered a Proof of Claim; (ii) received the Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Counsel for attorneys' fees and expenses; or (v) had their claims approved or allowed. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Settlement Agreement or this Judgment.

8.  Upon the Effective Date, the Defendants, on behalf of themselves and each of their respective heirs, agents, representatives, attorneys, affiliates, executors, trustees,

**[PROPOSED] FINAL JUDGMENT AND ORDER**

administrators, predecessors, successors and assigns shall: (i) be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties; (ii) be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiffs Parties; and (iii) be deemed to have covenanted not to sue any Released Plaintiffs Party on the basis of any Released Defendants' Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Defendants' Claim against any Released Plaintiffs Party. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Settlement Agreement or this Judgment.

9.     All Persons whose names appear on Exhibit A hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement.

10.     Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purpose, except: (i) in an action or proceeding arising under the Settlement Agreement or arising out of this Judgment; (ii) in any action or proceeding where the releases provided pursuant to the Settlement Agreement may serve as a bar to recovery; or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.

11.     This Judgment, the Settlement Agreement, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Settlement Agreement and the Settlement, and any matters arising in connection with settlement negotiations, proceedings or agreements, and all acts performed, or documents executed, pursuant to or in furtherance of the Settlement Agreement, shall not be offered or received against the Released Parties for any purpose, and in particular, do not:

6

**[PROPOSED] FINAL JUDGMENT AND ORDER**

(a)     constitute, and shall not be offered or received against the Released Defendants Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Defendants Parties with respect to the truth of any fact alleged by Lead Plaintiffs and the Settlement Class or the validity of any claim that has been or could have been asserted in the Action or in any action or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendants Parties;

(b)     constitute, and shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Defendants Parties, or against the Released Defendants Parties, Lead Plaintiffs or any other members of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

(c)     constitute, and shall not be offered or received against the Released Parties, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement or this Judgment;

(d)     constitute, and shall not be construed against the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Lead Plaintiffs or any other members of the Settlement Class or any of them that any of their claims are without merit or infirm, that a Settlement Class should not be certified, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

7

**[PROPOSED] FINAL JUDGMENT AND ORDER**

12.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.     This Court finds that Lead Plaintiffs and Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for the purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

14.     This Court finds that during the course of the litigation, Lead Plaintiffs, Lead Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15.     Upon the Effective Date the Court hereby permanently bars, extinguishes, and discharges to the fullest extent permitted by law any and all claims for contribution or indemnification (or any other claim, however denominated on whatsoever theory, for which the injury claimed is that Person's alleged liability to Plaintiffs or any Settlement Class Member) among and against the Released Defendants' Parties arising out of the Action and the claims that were asserted or could have been asserted therein (the "Bar Order"), *provided however*, that nothing in this Bar Order or Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives or any right of indemnification or contribution that any Individual Defendant may have under contract or otherwise.

16.     The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Agreement and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Settlement Agreement are done in accordance with the terms of Paragraph 8.8 of the Settlement Agreement, are not materially inconsistent with this

**[PROPOSED] FINAL JUDGMENT AND ORDER**

Judgment, and do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

17.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18.    In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, and interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Settlement.

20.    The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Judgment.


     **SO ORDERED** this _____ day of _____, 2021.


**DATED**: _____              _____
                                JEFFREY S. WHITE
                                United States District Judge

[PROPOSED] FINAL JUDGMENT AND ORDER