ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
SHAWN A. WILLIAMS (213113)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
     – and –
TRAVIS E. DOWNS III (148274)
ERIK W. LUEDEKE (249211)
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
eluedeke@rgrdlaw.com

ROBBINS LLP
BRIAN J. ROBBINS (190264)
STEPHEN J. ODDO (174828)
5040 Shoreham Place
San Diego, CA 92122
Telephone: 619/525-3990
619/525-3991 (fax)
brobbins@robbinsllp.com
soddo@robbinsllp.com
jdixon@robbinsllp.com

Co-Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re WAGEWORKS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Lead Case No. 4:18-CV-01523-JSW<br><br>**STATE COURT INSEPARABLE FRAUD PLAINTIFFS' "CONDITIONAL OPPOSITION" TO MOTION FOR PRELIMINARY APPROVAL OF PROPOSED FEDERAL CLASS ACTION SETTLEMENT**<br><br>Judge: Jeffrey S. White<br>Dept.: 5<br>Date: May 7, 2021<br>Time: 9:00 a.m. |

Lincolnshire Police Pension Fund and Sheet Metal Workers Local No. 33, Cleveland District, Pension Fund, former WageWorks, Inc. ("WageWorks" or the "Company") shareholders and Plaintiffs-Appellants (collectively, "State Plaintiffs") in *Lincolnshire Police Pension Fund, et al. v. Jackson, et al.*, No. A160763 ("State Court Action"), respectfully submit this conditional opposition to the Public Employees' Retirement System of Mississippi's, the Public Employees Retirement Association of New Mexico's, and the Government Employees' Retirement System of the Virgin Islands's (collectively, "Federal Plaintiffs") Motion for Preliminary Approval of Proposed Class Action Settlement. State Plaintiffs' concern with the proposed settlement of the *In re WageWorks, Inc. Sec. Litig.*, 4:18-cv-01523 (the "Federal Court Action"), is limited, at this time, to the scope of the proposed release. Without the modifications detailed herein, the proposed notice will confuse and/or mislead shareholders. Accordingly, the Proposed Class Action Settlement should not be preliminarily approved absent language, for the avoidance of confusion, expressly confirming that the State Court Action is beyond the scope of the proposed Federal Court Action release. *See infra* at 5.

I.   **FACTUAL SUMMARY AND PROCEDURAL HISTORY**

The operative complaint in the Federal Court Action, filed May 16, 2019, alleges claims against WageWorks and certain of its officers ("Federal Defendants") for violations of the Securities Exchange Act of 1934 and the Securities Act of 1933 arising from alleged materially false and misleading statements and omissions with respect to the Company's second and third quarter and fiscal year 2016 financial results, compliance with General Accepted Accounting Principles, and the adequacy of its internal controls over financial reporting. As a result of WageWorks' false accounting and related misrepresentations, Federal Plaintiffs allege that the price of WageWorks' common stock was artificially inflated between May 6, 2016 and March 1, 2018, resulting in inflation-related harm to purchasers of WageWorks stock during this period. In other words, Federal Plaintiffs seek damages for artificial price inflation.

The State Court Action, in contrast, arose out of what was a shareholder derivative action that transformed by operation of law into a direct action asserting a single cause of action for inseparable fraud as a result of defendants' misconduct. *Ark. Tchr. Ret. Sys. v. Caiafa*, 996 A.2d 321, 323 (Del.

2010); *see also* Declaration of Travis E. Downs III in Support of the State Court Inseparable Fraud Plaintiffs' "Conditional Opposition" to Motion for Preliminary Approval of Proposed Federal Class Action Settlement ("Downs Decl."), Exs. 1, 2. Under Delaware law, corporate fiduciaries cannot immunize themselves from liability for ruining the corporation's value, while self-dealing in the corporation's common stock, by selling the wreckage to a third party. Hence, in *Caiafa*, the Delaware Supreme Court expressly authorized shareholders to pursue a post-sale claim for inseparable fraud against wayward fiduciaries for damages when the fiduciaries' serious misconduct causes a sale of the corporation at a depleted price due to their misconduct. This is precisely the situation in the State Court Action.

On May 2, 2019, State Plaintiffs filed their Consolidated Shareholder Direct and Derivative Complaint for Breach of Fiduciary Duty, Corporate Waste, and Unjust Enrichment, alleging that certain WageWorks officers and directors ("State Defendants") executed a pump-and-dump scheme whereby they sold over 846,000 shares of their personal WageWorks common stock, for $56 million in unlawful insider trading proceeds. However, after the matter had been litigated for over a year in San Mateo County, and as the full magnitude of the damage caused to WageWorks by the State Defendants' breaches of fiduciary duty emerged, the value of WageWorks corporate enterprise was deflated by over $1 billion, ultimately forcing WageWorks to sell itself to a third party in late August 2019.

As authorized by *Ark. Teacher Ret. Sys. v. Caiafa*, 996 A.2d 321, 323 (Del. 2010), on October 28, 2019, State Plaintiffs filed their Amended Consolidated Complaint Against Defendants Joseph L. Jackson, John W. Larson, Jerome D. Gramaglia, Edgar O. Montes, Bruce G. Bodaken, and Edward C. Nafus for Inseparable Fraud/Breach of Fiduciary Duty ("Amended Complaint"), asserting a cause of action for *inseparable fraud*, against State Defendants on behalf of a proposed class of WageWorks' former shareholders who held WageWorks shares between May 5, 2016 and March 1, 2018. As detailed in the Amended Complaint, State Defendants' financial chicanery and self-dealing during the proposed class period were so severe that WageWorks had to be sold at a fire-sale price on August 30, 2019. As a result of the State Defendants' inseparable fraud, State Plaintiffs and WageWorks' other

former shareholders, *as holders and sellers*, collectively suffered more than $1 billion in damages to which they are legally entitled to recover from the State Defendants.[1]

## II.     ARGUMENT

State Plaintiffs are concerned that the broad scope of the release afforded by the proposed settlement would render notice confusing, at best, but potentially false and misleading. "Released Claims" in the Federal Court Action Stipulation and Agreement of Settlement (Federal Court Action, ECF No. 167-1) ("Stipulation of Settlement") is defined to include, among other things, "any and all claims . . . including both known claims and Unknown Claims . . ., whether direct, representative, class or individual in nature." *Id.* at 10.  This language could be interpreted to release *all* direct claims, which could improperly be construed to include the State Court Action's claims, against all Federal Defendants, which includes State Defendants Jackson, Larson, Gramaglia and Bodaken.  However, the *inseparable fraud* claims asserted in the State Court Action arising from the diminution in WageWorks' value – as opposed to those that arise from inflation in WageWorks' share price caused by false and misleading statements and omissions alleged in the Federal Court Action – could not have been asserted in the Federal Court Action because they arise out of a different factual predicate and, thus, cannot be released through the settlement of the Federal Court Action.  *Chavez v. PVH Corp.*, No. 13-CV-01797-LHK, 2015 U.S. Dist. LEXIS 17511, at *19 (N.D. Cal. Feb. 11, 2015) (where "the release in a settlement agreement 'does not limit released claims to those arising out of the facts alleged in the complaint,' denial of . . . approval [to] the settlement is appropriate").[2]  This uncertainty renders notice confusing and potentially misleading which, in turn, makes preliminary approval inappropriate.  *Zink v. First Niagara Bank, N.A.*, 155 F. Supp. 3d 297, 308 (W.D.N.Y. 2015) (quoting *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383-84 (D. Minn. 2013)) ("'Preliminary approval is not simply a judicial "rubber

---

[1]  The State Court Action is currently on appeal before the California Court of Appeal, First Appellate District, Division 2, on the sole issue of whether California or Delaware is the proper forum for the prosecution of the State Plaintiffs' inseparable fraud claims.  Thus, the appeal will ***not preclude*** the prosecution of the State Court Action as the State Court Action will proceed on the merits in one of these two forums.

[2]  All citations are omitted unless otherwise noted.

stamp" of the parties' agreement . . . . Indeed, the Court must be particularly scrupulous because preliminary approval establishes an initial presumption of fairness.'").

Accordingly, to avoid this confusion and unnecessary burdens resulting from future litigation, State Plaintiffs request that the State Court Action be expressly carved out of the release in the Proposed Class Action Settlement, as is customary where a settlement occurs in one case with underlying facts that touch upon those alleged in a separate action. *See, e.g.*, *Rael v. Children's Place*, No. 16-cv-370-GPC-LL, 2021 U.S. Dist. LEXIS 63117, at *38 (S.D. Cal. Mar. 31, 2021) (approving class action settlement where the preliminary settlement had been modified to expressly carve out claims for a federal case pending in District Court for the State of Washington); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 8:10ML 02151 JVS (FMOx), 2013 U.S. Dist. LEXIS 123298, at *280-*282 (C.D. Cal. July 24, 2013) (holding that the language of the release was "ambiguous enough to be amenable to two contrary interpretations," and proposing class and settlement counsel add an "express carve out provision" for the matter not being settled).

State Plaintiffs propose adding the following clause, or a clause substantially similar thereto, to the definition of "Released Claims" in the Stipulation of Settlement:

> ***For the avoidance of doubt, the Released Claims shall not include the action pending in the California Court of Appeal, First Appellate District, Division 2, captioned Lincolnshire Police Pension Fund, et al. v. Jackson, et al., No. A160763, or as that action may be subsequently captioned thereafter***.

Federal Court Action, ECF No. 167-1 at 10.

State Plaintiffs' counsel made several unsuccessful attempts to confer with Federal Plaintiffs' counsel to resolve this issue, including sending an e-mail on April 9, 2021 to request the relief sought herein. *See* Downs Decl., Ex. 3. As of the date of this filing, however, State Plaintiffs have received no response from Federal Plaintiffs' counsel, thus necessitating this conditional opposition.

## III. CONCLUSION

State Plaintiffs respectfully request that an express carve out of the State Court Action be included in the release afforded by the proposed settlement of the Federal Court Action before notice is provided to shareholders.

DATED: April 16, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRAVIS E. DOWNS III
ERIK W. LUEDEKE

s/ Travis E. Downs III
TRAVIS E. DOWNS III

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

ROBBINS LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
5040 Shoreham Place
San Diego, CA  92122
Telephone: 619/525-3990
619/525-3991 (fax)

Co-Lead Counsel for Plaintiffs

ALLOTTA FARLEY CO., L.P.A.
MICHAEL E. HEFFERNAN
2222 Centennial Road
Toledo, OH  43617
Telephone:  419/535-0075
419-535-1935 (fax)

Additional Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 16, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Travis E. Downs III
TRAVIS E. DOWNS III

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  travisd@rgrdlaw.com

Mailing Information for a Case 4:18-cv-01523-JSW Government Employees' Retirement System of the Virgin Islands et al v. Wageworks, Inc., et.al.

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey A. Barrack**
  jbarrack@barrack.com,mbonatara@barrack.com

- **Stephen R. Basser**
  sbasser@barrack.com,cfessia@barrack.com,sward@barrack.com

- **Ian David Berg**
  iberg@aftlaw.com,tkellar@aftlaw.com

- **Amber Covucci**
  acovucci@omm.com,amber-l-covucci-7343@ecf.pacerpro.com

- **Timothy Paul Crudo**
  ef-tpc@cpdb.com,tim-crudo-cpdb-2666@ecf.pacerpro.com

- **Michael Scott Dicke**
  mdicke@fenwick.com,jtosches@fenwick.com

- **Catherine Duden Kevane**
  ckevane@fenwick.com,kayoung@fenwick.com,rpelayo@fenwick.com,catherine-kevane-9683@ecf.pacerpro.com

- **Caz Hashemi**
  chashemi@wsgr.com,tbell@wsgr.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Takeo A Kellar**
  tkellar@aftlaw.com

- **William H. Kimball**
  wkimball@wkimball.com

- **Jason Matthew Kirschberg**
  jason@gadowtyler.com

- **Nicole Catherine Lavallee**
  nlavallee@bermantabacco.com,sfservice@bermantabacco.com

- **Katherine Collinge Lubin**
  klubin@lchb.com,rtexier@lchb.com

- **Katherine Anne Marshall**
  kmarshall@fenwick.com,lkelleybourne@fenwick.com

- **Philip David White Miller**
  pmiller@coblentzlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,tcrockett@pomla

- **Amy S. Park**
  apark@omm.com,modonnell@omm.com,acovucci@omm.com,amy-park-6600@ecf.pacerpro.com,aschneider@omm.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Jessica L. Snorgrass**
  jsnorgrass@wsgr.com,tbell@wsgr.com

- **Mary Sikra Thomas**
  mthomas@gelaw.com,rfinnimore@gelaw.com,cnevers@gelaw.com,jwilliams@gelaw.com,kdrew@gelaw.com

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Robert Charles Ward**
  rward@sflaw.com,jing@sflaw.com,calendar@sflaw.com

- **Samuel M. Ward**
  sward@barrack.com,cfessia@barrack.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`