**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE WAGEWORKS, INC., SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | CASE NO. 4:18-CV-01523-JSW<br><br>[~~PROPOSED~~] **ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES**<br><br>**Judge: Hon. Jeffrey S. White**<br>**Dept.: Courtroom 5**<br>**Hearing Date: August 20, 2021**<br>**Hearing Time: 9:00 A.M.** |

THIS MATTER, having come before the Court on August 20, 2021, for a hearing to determine, among other things, whether and in what amount to award Lead Counsels' fees and litigation expenses relating to their representation of the Settlement Class in the above-captioned securities class action (the "Action"). The Court, having considered all matters submitted to it at the hearing and otherwise, and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Postcard Notice"), was mailed to all reasonably identified; persons and entities who purchased or otherwise acquired the common stock of WageWorks ("WageWorks Common Stock") between May 6, 2016 and March 1, 2018, both dates inclusive, and who were damaged thereby (the "1934 Act Class") and/or all persons and entities who purchased or otherwise acquired WageWorks Common Stock issued in WageWorks' public offering of common stock on June 19, 2017 (the "Offering" or "June 2017 Offering") pursuant or traceable to the Registration Statement and Prospectus for the Offering, and who were damaged thereby (the "1933 Act Class") and that the Notice of (I) Pendency of Class Action, Certification of Settlement Class and Proposed Settlement; (II) Settlement of Fairness Hearing and (III) Motion For an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), substantially in the form approved by the Court, was published on websites maintained by Lead Counsel and by the Claims Administrator; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class members and the Claims Administrator.

2. All capitalized terms used in this order have the meanings as set forth and defined in the Stipulation and Agreement of Settlement (the "Settlement Agreement"), dated as of April 1, 2021.

3. Barrack Rodos & Bacine, which was appointed Lead Counsel, is awarded attorneys' fees in the amount of $6,750,000.00, constituting 22.5% of the Settlement Fund, plus interest thereon at the same rate earned by the Settlement Fund, and payment of its litigation expenses in the amount of $268,671.53, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable. The Court also finds that Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the Government Employees' Retirement System of the Virgin Islands, each incurred costs in the course of their service on behalf of the Settlement Class and awards them costs of $11,825.00 and $1,806.02, respectively, with interest thereon at the same rate earned by the Settlement Fund.

4. The aforesaid award of attorneys' fees and litigation expenses and costs shall be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms conditions, and obligations are incorporated into this order.

5. In making this award of attorneys' fees and Lead Counsel's litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $30,000,000 in cash and that numerous Settlement Class members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Lead Counsel;

(b) The requested attorneys' fees have been reviewed and approved as fair and reasonable by Lead Plaintiffs, three sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to Plaintiffs' Counsel are duly earned and not excessive;

(c) Notice was disseminated to putative Settlement Class members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 22.5% of the Settlement Fund, plus interest, and payment of litigation expenses incurred in connection with the prosecution of this Action in an amount not to exceed $290,000. No Settlement Class Member has filed an objection to the application for fees and expenses submitted by Lead Counsel;

   (d) Lead Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

   (e) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

   (f) Lead Counsel undertook the Action on a contingent basis and Lead Counsel alone have devoted more than 7,000 hours, with a lodestar value of $4,328,917.50 to achieve the Settlement, which calculates to a reasonable multiplier of 1.56.

   (g) The amount of attorneys' fees and litigation expenses paid from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

  6. Any appeal or challenge affecting this Court's approval of any attorneys' fee or expense application in the Action shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

  7. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

  8. In the vent that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

SO ORDERED this __20th__ day of _____August_____, 2021

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES
CASE NO. 4:18-CV-01523-JSW