STEPHEN R. BASSER (121590)
SAMUEL M. WARD (216562)
**BARRACK, RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
*sbasser@barrack.com*
*sward@barrack.com*

JEFFREY A. BARRACK
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
*jbarrack@barrack.com*

*Attorneys for Lead Plaintiffs the Public Employees' Retirement System of Mississippi, the Public Employees Retirement Association of New Mexico and the Government Employees' Retirement System of the Virgin Islands*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IN RE WAGEWORKS, INC., SECURITIES LITIGATION | CASE NO. 4:18-CV-01523-JSW<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND ORDER**<br><br>JUDGE:   Hon. Jeffrey S. White<br>DATE:    August 20, 2021<br>TIME:    9:00 A.M.<br>DEPT:    Courtroom 5 |

[~~PROPOSED~~] **FINAL JUDGMENT AND ORDER**

WHEREAS, this matter came before the Court for a hearing pursuant to the Order of this Court entered on May 3, 2021 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (the "Settlement Agreement"), executed as of April 1, 2021 and filed with the Court on April 1, 2021;

WHEREAS, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement;

WHEREAS, the Court has received declarations attesting to the mailing of the Notice and publication of the Summary Notice in accordance with the Preliminary Approval Order;

WHEREAS, due and adequate notice has been given to the Settlement Class as required by the Preliminary Approval Order, and the Court has considered all papers filed and proceedings in this Action and otherwise has been fully informed of the matters herein, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Settlement Agreement and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all parties to the Action and all Settlement Class Members.

2.  The Court hereby finally certifies the following 1933 Act and 1934 Act Classes (collectively the "Settlement Class") for the purposes of Settlement only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

    (a) **1934 Act Class**: All persons and entities who purchased or otherwise acquired shares of WageWorks's publicly traded common stock in the open market between May 6, 2016 and March 1, 2018, inclusive (the "Class Period"), and were damaged thereby. Excluded from the 1934 Act Class are: the Defendants; the officers and directors of WageWorks, WageWorks' successor in-interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors, and

assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the 1934 Act Class are those persons and entities listed on Exhibit A hereto who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

**(b) 1933 Act Class**: all persons and entities who purchased or otherwise acquired WageWorks Common Stock issued pursuant or traceable to the Registration Statement and Prospectus for WageWorks's public offering of Common Stock on June 19, 2017 (the "Offering" or "June 2017 offering") and who were damaged thereby. Excluded from the 1933 Act Class are the Defendants, the officers and directors of WageWorks; WageWorks successor-in-interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the 1933 Act Class are those persons and entities listed on Exhibit A hereto who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

3. The Court hereby affirms its appointment of the Public Employees' Retirement System of Mississippi and the Government Employees' Retirement System of the Virgin Islands, as Class Representatives for the 1934 Act Class, and the Public Employees Retirement Association of New Mexico as the Class Representative for the 1933 Act Class (Class Representatives are referred to collectively as "Lead Plaintiffs"), and Barrack, Rodos & Bacine as Lead Counsel for the Settlement Class.

4. This Court finds that:

(a) the distribution of the Notice, the publication of the Summary Notice, and the notice methodology (together the "Notice Program") all were implemented in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and:

(b) the Notice Program constituted the best practicable notice to Settlement Class Members under the circumstances of the Action;

3
[~~PROPOSED~~] FINAL JUDGMENT AND ORDER

  (c) the Notice Program was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this class action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

  (d) the Notice Program was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice;

  (e) the Notice Program fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Securities Act of 1933, the Rules of the Court, and any other applicable law; and

  (f) the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable, have been satisfied.

  5. In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against the Defendants, and the risks of establishing liability and damages, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects fair, reasonable and adequate, and in the best interests of Lead Plaintiffs, the Settlement Class, and the Settlement Class Members. This Court further finds the Settlement was the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, the Settlement Class, and the Defendants. The

Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

6. The Lead Plaintiffs' Consolidated Class Action Complaint, filed in this Action on May 16, 2019, is hereby dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement or this Judgment.

7. Upon the Effective Date, Lead Plaintiffs and each and every Settlement Class Member (other than those listed in Exhibit A hereto) on behalf of themselves and each of their respective heirs, agents, representatives, attorneys, subsidiaries, affiliates, executors, trustees, administrators, predecessors, successors, assigns, any trust of which any Lead Plaintiffs or Settlement Class Member is the settlor or is for the benefit of a member of their immediate family, and any entity acting on behalf of a Lead Plaintiffs or Settlement Class Member, in their capacity as a Lead Plaintiff or Settlement Class Member, shall: (i) be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims, as against each and every one of the Released Defendants Parties; (ii) be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendants Parties; and (iii) be deemed to have covenanted not to sue any Released Defendant Party on the basis of any Released Claims or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Defendant Party. The foregoing release is given regardless of whether such Lead Plaintiffs or Settlement Class Members have: (i) executed and delivered a Proof of Claim; (ii) received the Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Counsel for attorneys' fees and expenses; or (v) had their claims approved or allowed. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Settlement Agreement or this Judgment.

8. Upon the Effective Date, the Defendants, on behalf of themselves and each of their respective heirs, agents, representatives, attorneys, affiliates, executors, trustees,

administrators, predecessors, successors and assigns shall: (i) be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties; (ii) be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiffs Parties; and (iii) be deemed to have covenanted not to sue any Released Plaintiffs Party on the basis of any Released Defendants' Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Defendants' Claim against any Released Plaintiffs Party. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Settlement Agreement or this Judgment.

9. All Persons whose names appear on Exhibit A hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement.

10. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purpose, except: (i) in an action or proceeding arising under the Settlement Agreement or arising out of this Judgment; (ii) in any action or proceeding where the releases provided pursuant to the Settlement Agreement may serve as a bar to recovery; or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.

11. This Judgment, the Settlement Agreement, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Settlement Agreement and the Settlement, and any matters arising in connection with settlement negotiations, proceedings or agreements, and all acts performed, or documents executed, pursuant to or in furtherance of the Settlement Agreement, shall not be offered or received against the Released Parties for any purpose, and in particular, do not:

(a) constitute, and shall not be offered or received against the Released Defendants Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Defendants Parties with respect to the truth of any fact alleged by Lead Plaintiffs and the Settlement Class or the validity of any claim that has been or could have been asserted in the Action or in any action or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendants Parties;

(b) constitute, and shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Defendants Parties, or against the Released Defendants Parties, Lead Plaintiffs or any other members of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

(c) constitute, and shall not be offered or received against the Released Parties, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement or this Judgment;

(d) constitute, and shall not be construed against the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Lead Plaintiffs or any other members of the Settlement Class or any of them that any of their claims are without merit or infirm, that a Settlement Class should not be certified, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

12. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. This Court finds that Lead Plaintiffs and Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for the purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

14. This Court finds that during the course of the litigation, Lead Plaintiffs, Lead Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. Upon the Effective Date the Court hereby permanently bars, extinguishes, and discharges to the fullest extent permitted by law any and all claims for contribution or indemnification (or any other claim, however denominated on whatsoever theory, for which the injury claimed is that Person's alleged liability to Plaintiffs or any Settlement Class Member) among and against the Released Defendants' Parties arising out of the Action and the claims that were asserted or could have been asserted therein (the "Bar Order"), *provided however*, that nothing in this Bar Order or Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives or any right of indemnification or contribution that any Individual Defendant may have under contract or otherwise.

16. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Agreement and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Settlement Agreement are done in accordance with the terms of Paragraph 8.8 of the Settlement Agreement, are not materially inconsistent with this

Judgment, and do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, and interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Settlement.

20. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** this 20th day of August, 2021.

_____
JEFFREY S. WHITE
United States District Judge

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER