# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE WAGEWORKS, INC., SECURITIES LITIGATION | CASE NO. 4:18-CV-01523-JSW<br><br>[~~PROPOSED~~] ORDER RE: UNOPPOSED DISTRIBUTION OF NET SETTLEMENT FUND TO THE CLASS |

**WHEREAS:**

A.     This action was a class action asserting claims under the federal securities laws on behalf of a Settlement Class, consisting of two subclasses, as certified by order of the Court dated August 20, 2021, for purposes of effectuating the settlement, defined as follows:

**(a) 1934 Act Class**: All persons and entities who purchased or otherwise acquired shares of WageWorks's publicly traded common stock in the open market between May 6, 2016 and March 1, 2018, inclusive (the "Class Period"), and were damaged thereby. Excluded from the 1934 Act Class are: the Defendants; the officers and directors of WageWorks, WageWorks' successor in-interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors, and assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the 1934 Act Class are those persons and entities listed on Exhibit A hereto who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

**(b) 1933 Act Class**: all persons and entities who purchased or otherwise acquired WageWorks Common Stock issued pursuant or traceable to the Registration Statement and Prospectus for WageWorks's public offering of Common Stock on June 19, 2017 (the "Offering" or "June 2017 offering") and who were damaged thereby. Excluded from the 1933 Act Class are the Defendants, the officers and directors of WageWorks; WageWorks successor-in-interest, HealthEquity, Inc.; members of Defendants' families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the 1933 Act Class are those persons and entities listed on Exhibit A hereto who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

B.     Lead Plaintiffs, the Public Employees' Retirement System of Mississippi, the Public Employees Retirement Association of New Mexico, and the Government Employees'

1  Retirement System of the Virgin Islands, on behalf of the Settlement Class, entered into a
2  settlement with Defendants memorialized in the Stipulation and Agreement of Settlement dated
3  April 1, 2021. The parties agreed to a full and complete settlement of all class claims in exchange
4  for the payment of $30,000,000.00 in cash (the "Settlement").

5      C.    On August 20, 2021, this Court held a hearing to consider whether the Settlement
6  should be approved as fair, reasonable and adequate;

7      D.    On August 20, 2021, the Court entered an order and final judgment approving the
8  Settlement and dismissing this action with prejudice as against all Defendants;

9      E.    The Settlement provided for members of the class to submit proof of claim forms
10 in order to participate in the distribution of the Net Settlement Fund;

11     F.    Members of the class did submit proof of claim forms and these proof of claim
12 forms have been reviewed and analyzed by Kroll Settlement Administration LLC, formerly Heffler
13 Claims Group ("KSA" or "Claims Administrator"), the claims administrator retained by Plaintiffs'
14 Lead Counsel to administer the Settlement;

15     G.    Lead Plaintiffs have filed with the Court the Declaration of Justin R. Hughes, Kroll
16 Settlement Administration, LLC, in Support of Lead Plaintiffs' Motion for Distribution of the Net
17 Settlement Fund (the "Hughes Declaration "), which describes in detail, among other things, the
18 dissemination of the Settlement Notice and Proof of Claim forms, the procedures following in
19 processing claims received, and the results of the claims process;

20     H.    All Settlement Class Members who filed claims that were in any way deficient were
21 informed that their claims were deficient and were given the opportunity to correct any deficiency
22 prior to their claims being finally rejected or to contest the decision as to the deficiency, and such
23 procedures satisfied the requirements of due process;

24     I.    Due notice was given to all members of the class whose claims were finally rejected
25 in whole or in part so that they could contest the decision, and such procedures satisfied the
26 requirements of due process; and

27     J.    To date, none of these claimants have contested the rejection of his, her or its claim.

**NOW, THEREFORE,** upon consideration of: (1) the motion for approval of distribution of the Net Settlement Fund to the Settlement Class and memorandum in support thereof; and (2) the Hughes Declaration, and for good cause shown, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. The decisions and activities of Plaintiffs' Lead Counsel and KSA in connection with the administration of the Settlement are **APPROVED**, and all decisions described in the Hughes Declaration relating to claims being payable or non-payable are **APPROVED**. Specifically, the claims listed in Exhibits B-1 and B-2 to the Hughes Declaration, entitled "Payable Claims," are approved as payable. The Court specifically **APPROVES** the rejection of the claims as listed in Exhibit B-3 to the Hughes Declaration of those persons whose claims were deemed deficient or were rejected by KSA.

2. The Court hereby **APPROVES** Plaintiffs' Lead Counsel selection of Huntington Bank as the Disbursing Agent and **DIRECTS** Plaintiffs' Lead Counsel to effectuate the transfer of the Net Settlement Fund from the Escrow Agent to the Disbursing Agent.

3. Plaintiffs' Lead Counsel and KSA are **DIRECTED** to distribute the Net Settlement Fund (after making the payments specified in Paragraphs 3 and 4 below and after making any other disbursements authorized by the Court) to all Authorized Claimants, as described in the Hughes Declaration and the Exhibits thereto. Distribution shall be made in accordance with the Plan of Allocation previously approved by the Court.

4. The Court hereby **DIRECTS** that payment, if necessary, be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow.

5. The Court hereby **DIRECTS** payment in the amount of $167,000.58 to be made to KSA for its final invoice for services rendered and expenses incurred by KSA through the claims administration and expected to be incurred during the distribution of the Net Settlement Fund.

6. The Court hereby **DIRECTS** that no claim submitted after February 15, 2023, may be accepted for any reason whatsoever. Accordingly, Settlement Class Members are barred from

making any further claim against the Net Settlement Fund after that date. Further, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement.

7. Eighteen months after initial distribution of the Net Settlement Fund, and after reasonable and diligent efforts to distribute the entire Net Settlement Fund, including, if economically feasible, redistribution(s) of returned or remaining funds to Authorized Claimants who had cashed their initial distribution checks, any remaining balance in the Net Settlement Fund shall be distributed to Opportunity Junction, a non-sectarian, not-for-profit §501(c)(3) organization that operates within the Northern District of California.

8. The Court also finds that one year after the final distribution of the Net Settlement Fund to Authorized Claimants and the distribution of any remaining funds to Opportunity Junction, it shall be appropriate for KSA to destroy all claim forms and related correspondence. KSA shall retain all other administrative records, including copies of the Payable Claims and Non-Payable Claims listings, and the computer database used to create the listings, for a period of three years after the final distribution of the Net Settlement Fund to Authorized Claimants.

9. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

**IT IS SO ORDERED.**

Dated: May 9, 2023

_Jeffrey S. White_
Honorable Jeffrey S. White
United States District Judge